## FISHER v. TALLMAN, *Appellant.*

**Mortgage:** ATTACHMENT. An attaching creditor cannot maintain an action to redeem land covered by his attachment from a mortgage executed by the debtor.

*Appeal from Worth Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*B. F. Lucas* for appellant, cited 2 Story Eq. Jur., § 1023; *Brinkerhoff v. Brown*, 4 John. Ch. 671; *McElwain v.*

| 74 | 39 |
|----|----|
| 103 | 650 |
| 74 | 39 |
| 120 | 213 |
| 74 | 39 |
| 57a | 282 |
| 74 | 39 |
| 170 | 170 |
| 74 | 39 |
| 179 | 693 |

*Willis,* 9 Wend. 548 ; *Suydam v. N. W. Ins. Co.,* 51 Pa. St. 394 ; *s. c.,* 12 Phila. Leg. Intell.

*Johnston & Jackson* for respondent, cited 1 Wag. Stat., p. 51 ; R. S. 1879, § 448 ; Sess. Acts 1860, p. 3, § 2 ; *Heyneman v. Dannenberg,* 6 Cal. 376 ; *Castle v. Bader,* 23 Cal. 76 ; *Conroy v. Woods,* 13 Cal. 626 ; Ib. 76 ; *Scott v. McMillen,* 1 Litt. (Ky.) 302 ; *s. c.,* 13 Am. Dec. 239 ; *Luthy v. Woods,* 1 Mo. App. 167 ; *Beal v. McVicker,* 3 Mo. App. 592 ; *Pendleton v. Perkins,* 49 Mo. 565.

Hough, J.—The only question which we deem it important to decide in this case is, whether an attaching creditor can maintain a suit to redeem land which has been attached, from a mortgage executed by the defendant in the attachment suit. The general rule is, that as an ordinary creditor before judgment and execution has no certain claim upon the property of his debtor, he has no concern with conveyances of any kind affecting such property. *Martin v. Michael,* 23 Mo. 50 ; *Turner v. Adams,* 46 Mo. 95 ; *Pendleton v. Perkins,* 49 Mo. 565 ; Story Eq., § 1023. After the decision of this court in *Martin v. Michael, supra,* a change was made in the law by the act of January 14th, 1860, which has continued in force ever since, and is now found in section 448, Revised Statutes, whereby any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien or incumbrance of or upon any property attached in any action instituted by him. This statute, however, is not broad enough to cover the case we are now considering. In the absence of statutory provisions on the subject, the party seeking to redeem from a mortgage must not only have a *jus ad rem,* but a *jus in re.* We are aware that it has been held in the case of *Chandler v. Dyer,* 37 Vt. 345, that an attaching creditor may redeem—but we are not satisfied with the reasoning in that case. If an attaching creditor has such an interest in land as will war-

rant the court in permitting him to come in and redeem, it must necessarily follow that he is a proper party to a bill of foreclosure. That he is not considered in this State a proper party to a bill of foreclosure, is evident from the language of our statute providing who may be made parties. That statute limits the right of coming in to persons claiming an interest in the mortgaged property. Nor is it at all necessary for the protection of the interests of an attaching creditor that he should have the right to file a bill to redeem. His attachment binds the interest of the mortgageor, and in the event of a sale under the mortgage before the attaching creditor can have judgment and execution, the proceeds of the sale after satisfying the mortgage will be subject, under the attachment, to the payment of his demand. On the other hand, great inconvenience, and sometimes oppression, might result from permitting a person to redeem who may ultimately be shown to be, not even a general creditor of the mortgageor. The plaintiffs' suit to redeem having been prematurely instituted, the judgment of the circuit court, which was in their favor, will be reversed. The other judges concur.