## BENTON GABBERT, Appellant, v. UNION GAS & TRACTION COMPANY et al., Respondents.

### Kansas City Court of Appeals, December 6, 1909.

1. **CORPORATIONS: Receivers: Ordinary Creditor.**   Ordinarily a creditor is not entitled to avail himself of the equity powers of the court to set aside conveyances made by the corporation and place its affairs in the hands of a receiver.

2. ————: **Creditor: Lien.**   Neither the insolvency of a corporation nor the execution of an illegal trust deed gives a mere creditor a lien on the property of the corporation; nor do they charge it with a direct trust.

3. ————: **Sale of Property.**   In the absence of such lien the corporation has the same right to sell, mortgage or otherwise dispose of its property as a private citizen.

4. ————: **Creditor's Bill: Remedy at Law.**   In order for a creditor to reach the property of a corporation which has been conveyed in fraud of creditors, he must show that he has exhausted his remedy at law, or that he has no adequate remedy at law.

5. ————: ————: ————: **Foreign Corporation.**   Although one of several defendants is a foreign corporation and cannot be served with process in this State, where the property sought to be reached is in the State and might be attached and the rights of the plaintiff enforced without affecting the rights of the defendants *inter se* the remedy at law is adequate.

Appeal from the Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Leachy, Day & Green* for appellant.

(1) The minds of the principals, in the contract sought to be made, never met and assented to the same thing, in the same sense. Therefore, there was no contract between plaintiff and defendant, The Union Gas and Traction Company. Lungstrass v. Insurance Co., 48 Mo. 201; Botkin v. McIntyre, 81 Mo. 557; Mfg. Co. v. Broderick, 12 Mo. App. 378. (2) There being no contract, plaintiff paid his money to defendant, The Union Gas and Traction Company, for nothing; and that defendant took and held it, not as a debtor of plaintiff, but under a trust, which the law implies from the transaction. Pomeroy's Equity, sec. 1047; Clark v. Bank, 57 Mo. App. 286; Harrison v. Murphy, 106 Mo. App. 473; Banking Co. v. Commission Co., 195 Mo. 289. (3) While the general rule is that plaintiff must have reduced his demand to judgment and exhausted his legal remedies, before he can resort to equity for relief, yet this is not so, where, as here, it is alleged that plaintiff's demand is of an equitable character, and defendant is a non-resident and has no property which can be reached by the ordinary legal or statutory process, and the transactions are complicated and a discovery from defendant's requisite. 2 Story's Equity Jurisprudence, secs. 1255, 1256; 12 Cyc., p. 12, subd. (5); Pickens v. Doris, 20 Mo. App. 1; Pendleton v. Perkins, 49 Mo. 565; Humphreys v. Milling Co., 98 Mo. 542; Webb & Company v. Lumber Co., 68 Mo. App. 554; Burnham, Munger Co. v. Smith, 82 Mo. App. 35; Kemp v. San Antonio Co., 118 Mo. App. 150. (4) The plain purpose of this amended petition is to have the sum of money received from, and claimed by plaintiff decreed to be a lien on the assets of defendant, The Union Gas and Traction Company, which have been augmented thereby and with which assets the other defendants were intermeddling, or about to intermeddle, to plaintiff's detriment; and, this he had a right to,

although his money had been intermingled with and was undistinguishable from such other assets. Harrison v. Smith, 83 Mo. 210; Stoller v. Coates, 88 Mo. 514; Evangelical Synod v. Schoeneich, 143 Mo. 652; Pundmann v. Schoeneich, 144 Mo. 156.

*Sutton & Sutton* and *Harkless & Histed* for respondents.

(1) The plaintiff has no standing in equity and his petition states no cause of action. He has a plain legal remedy at law as displayed by his bill, if, indeed, he has any at all. Bank v. Packing Co., 138 Mo. 59; Ready v. Smith, 170 Mo. 163. (2) It is a well-settled proposition that no one can bind a principal by an act of an agent which he is bound to know the agent had no authority to make. Lloyd v. Modern Woodmen, 113 Mo. App. 19.

BROADDUS, P. J.—All the parties appeared and filed demurrers to the original petition which were sustained, and plaintiff filed an amended petition to which defendants filed demurrers, the grounds of which were that the pleading did not state a cause of action and that there was a misjoinder of parties defendants. The court sustained the demurrers and plaintiff stood on his petition as amended whereupon the court rendered judgment in favor of defendants and plaintiff appealed.

The petition is of great length, the substance of which is: that the Union Gas Company, a corporation, on the 18th day of May, 1907, agreed with plaintiff to sell him a bond and some shares of its common stock, and as a consideration in part, agreed with him to bring a supply of natural gas to the town of Dearborn in Platte county, Missouri, on or before May 15, 1908; that he paid for said bond and shares the sum of $1,000; that if said company should fail to bring the supply of gas to Dearborn, then it would repurchase from plaintiff said bond and stock at the price he had paid

for it; that no contract in fact was really made, because while the agent with whom he dealt had authority to sell the bond and stock and receive the money therefor, he had no authority to bind the said company, that it would supply natural gas to said town or repurchase the bond and stock as stated; that in October, 1907, while ignorant of the want of authority in said agent to make said contract he received from said defendant, the Union Gas Company, the semi-annual installment of interest due October the first of that year on the aforesaid bond, the sum of $30; that as no natural gas had been brought to Dearborn within the time mentioned, the plaintiff applied to the last aforesaid company to repurchase said bond and stock, at which time plaintiff learned for the first time of the want of authority to make a contract to that effect; that in the meantime said company had defaulted payment on the interest due on its bond aforesaid, the total issue of which was $350,000, and had become insolvent; and that it refused to repurchase said bond and stock, although plaintiff tendered to it the $30 in interest he had received.

It is alleged, that said Union Gas Company has the means to supply and is supplying natural gas to the town of Weston, and that its income from that source is about $1,000 per month; that it is permitting the defendant, The Weston Gas Company, to hold the legal title to its said property, and to receive the income from the business; that the officers of each are one and the same; that in order to aid and facilitate the scheme for concealing the business of the Union Gas Company and complicate its affairs, the Weston Gas Company caused to be issued, its entire capital stock of two hundred shares of the par value of $100 each, to the officers of the United Gas Company, all of which, except two, of said officers assigned to the Union Gas Company; that to further aid said Weston Gas Company in concealing its property, said Weston

Gas Company on the 6th day of March, 1906, executed and delivered to defendant The Banking Trust Company, its deed of trust or mortgage purporting to convey to it the property right and franchises aforesaid in trust to secure bonds issued by the said Weston Gas Company amounting to $1,000; that said Banking Trust Company well knew at the time of taking the same, that said Weston Gas Company was not the real owner of the property purported to be conveyed, and also knew that said bonds were issued without any consideration; that under the arrangement whereby the Weston Gas Company is holding said property and dealing with it for the use and benefit of the Union Gas Company it will, unless prevented by appropriate orders of the court, continue to conduct said business, collect, and pay over to the Union Gas Company or to the United Gas Company the aforesaid income or apply the same to the uses of said first-named company or to the use and benefit of the United Gas Company, which last company claims to have succeeded to the rights of the former.

. Then follow these allegations, viz.: That the Union Gas Company in October, 1905, executed a mortgage to the Banking Trust Company to secure the payment of $350,000 par value of its bond, one of which was sold to plaintiff as stated; that said Banking Trust Company foreclosed said mortgage and one Fuqua became purchaser at the foreclosure sale at the nominal sum of $10,000, which he did not pay; that the Union Gas Company undertook and did in form ratify said sale, and relinquished to him all its interest in and to the aforesaid property; that the said Fuqua in form assigned and conveyed all the same to the United Gas Company; and that said last named is now claiming all the aforesaid franchises and property of the aforesaid Union Gas Company.

The prayer is for the appointment of a receiver to take charge of the business; that defendants be injoin-

ed in interfering in any way with said rights and franchises; that plaintiff have judgment against the Union Gas Company for the sum of $1,000 with interest; that the deeds of trust made by the Weston Gas Company and the Union Gas Company to the Banking Trust Company be declared inoperative and void as to the plaintiff, that said Union Gas Company be adjudged to be the real owner of the property, rights, stock, interest and franchises; that all the sales, whereby the title to said property has been effected be set aside; and that if it becomes necessary, such rights and property, or so much thereof, be sold to satisfy plaintiff's judgment.

The plaintiff sues as a creditor in equity to subject the entire property of defendant to the management of a receiver and to set aside certain conveyances and sales and transfers of the properties of the Union Gas Company. His claim is not based upon any rights of a bond or stockholder of the corporation. Ordinarily a creditor is not entitled to avail himself of the equity powers of a court for such a purpose. Plaintiff has no lien on the property of the corporation.

The insolvency of a corporation, nor the execution of an illegal trust deed, gives to a mere creditor no lien upon the property of the corporation nor charge it with a direct trust. In the absence of such lien the corporation has the same right to sell or mortgage its property or otherwise dispose of it as a private citizen has. And a creditor in order to reach the property of a corporation conveyed or otherwise disposed of in fraud of creditors must show that he has exhausted his remedy at law. [Atlas National Bank v. Moran Packing Co., 138 Mo. 59.] The rule is general that before a creditor can maintain a creditor's bill he must show that he has exhausted his remedy at law, or that he has no adequate remedy at law. [Humphreys v. Atlantic Milling Co., 98 Mo. 542.] BLACK, J., in the same opinion said: "Whilst it is not necessary in all

cases that the creditor's demand shall be first put into a judgment, it is essential to make out a case which shows that he has no adequate remedy at law." And further that: "In the present case, the creditor, the Atlantic Milling Company is within and subject to the jurisdiction of the court, and if the allegations of fraud are true, then that company could be sued in attachment, and its property in the hands of others could be garnished."

The contention of plaintiff is that the case comes within the exception to the rule for the reason that as the Banking Trust Company is a foreign corporation with no place of business in this State process could not be served upon it, therefore he had no adequate remedy at law. We do not think it was necessary for the purposes of his case that the corporation should be personally served with process. The property he seeks to subject to his demand was all in the hands of Union Gas Company and could have been reached by a proceeding in attachment in the ordinary manner, and whatever interest or claim the Banking Trust Company may have had in the property could have been litigated and all questions of fraud as to creditors fully determined. The proceeding would have, in that manner, been *in rem* and the jurisdiction of the court would have been complete, and any right plaintiff may have had protected; and any judgment that might have been obtained could have been enforced by a sale of any part of the property of the Union Gas Company to satisfy the judgment. In this manner not only all the rights of the plaintiff could have been enforced, but the rights of the corporation *inter se* would not have been affected; and the just rights of all innocent holders in the corporations been preserved. It would be impolitic and unjust to such holders to unnecessarily set aside the different transfers and imperil their holdings by placing the business of the corporation in the hands of a receiver

when it could be avoided without interfering with the rights of creditors.

One reason for the rule is that the plaintiff may never be able to obtain a judgment, and if he does not he had no cause of complaint. [Ready v. Smith, 170 Mo. 163.]

We do not want to be understood as intimating that plaintiff will not be able to make good his claim as a creditor, for that question is not before us, but we presume that question will arise if plaintiff further seeks to enforce such claim as defendants herein are strongly insisting that under the facts he is not a creditor of the Union Gas Company. We merely call attention to the matter as an argument in favor of the rule.

We have examined appellant's authorities he has referred to, but we do not think they are applicable to the case. The question it seems to us is so plain that appellant has mistaken his remedy that we do not feel that it is incumbent on us to add to what has already been said. The judgment of the court in sustaining the demurrers on the ground that the petition did not state a cause of action is affirmed. All concur.