WILLIAM BOTHE et al. v. CHICAGO, BURLING-
TON & QUINCY RAILROAD COMPANY, Ap-
pellant.

**Division One, February 28, 1913.**

**APPELLATE JURISDICTION: Nuisance: Propriety of Instruction.**
Where the suit is to recover $800 damages from a railroad
company for constructing and maintaining a coal bin and chute
in close proximity to plaintiffs' store, and the only question in-
volved on appeal is whether a certain instruction is a correct
declaration of law, and that question in no wise involves a con-
struction of the Constitution, the Supreme Court does not have
appellate jurisdiction.

Appeal from Lincoln Circuit Court.—*Hon. J. D.
Barnett,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*R. H. Norton* for appellant.

*Creech & Penn* for respondents.

## STATEMENT BY THE COURT.

Plaintiffs state that they own a store building
in the town of Old Monroe; that in 1905 defend-
ant built and erected across the street from plain-
tiffs' storehouse, and about sixty feet distant, a
large coal bin or chute, which, by its operation and the
uses made of it by defendant and on account of its
close proximity· to plaintiffs' property, has become,
and is, a noisome and continuing nuisance, injurious
to the use of plaintiff's property, which was erected
by plaintiffs at great expense to be used as a store
building and long prior to the building of said bin or
chute by defendant. The petition then alleges the par-
ticulars of the nuisance complained of and prays judg-
ment for $800 as the damage thereby caused to plain-
tiffs' property.

Defendant answered, denying all the allegations
of plaintiffs' petition except its corporate existence

and that it owned and operated a railroad in the county of Lincoln, State of Missouri, which passed through the town of Old Monroe; and for further defense alleged that it was engaged in the use of its property for the purposes of interstate commerce, which required the use of the coal bin or chute in question; and that it was entitled to that appliance under the Constitution of the United States; and pleaded the same as giving it a right, privilege and immunity "against any attempt to assert the claim set forth in plaintiffs' petition."

Upon the issues thus joined evidence was adduced upon which the jury returned a verdict for defendant. Plaintiffs filed a motion for new trial on the ground, among others, of error in the instructions given by the court. This motion was sustained by the court for assumed error in giving, at defendant's request, instruction numbered 1, to-wit:

"If the jury believe from the evidence that whatever annoyance or injury of which plaintiffs make complaint in this case is not different in kind from that to which other persons (residing on or using real property in the vicinity of plaintiffs) are likewise subject from the same cause complained of herein, then your verdict should be rendered for the defendant; and such a verdict for defendant shall be rendered, even if you also find from the evidence that plaintiffs may be thereby injured or annoyed in a greater degree than said other persons in the vicinity of plaintiffs."

From the order granting a new trial, defendant appealed to this court.

## OPINION.

BOND, J. (After stating the facts as above).—The only question involved in this appeal is whether or not the instruction quoted in the statement is a correct

declaration of law. That question may be decided without any reference to the Constitu-

**Appellate Juris-diction: Correct Instruction.** tion of the United States. Its determination depends solely upon the application of certain legal principles pertinent to the right of persons to recover for the construc-. tion or maintenance of nuisances. It is in nowise dependent' upon the application of any provision contained in the Federal Constitution. In the argument submitted in this court no reference is made to the Federal Constitution as the source which must determine the correctness of the instruction in question. None of its provisions can be of the slightest aid in determining that question. [Brookline Canning & Packing Co. v. Evans, 238 Mo. l. c. 604, 605.] It is the duty of this court to guard and enforce the delimitation of its own jurisdiction and that of the courts of appeal fixed by the Constitution. Hence, as aptly said by Woodson, J., it "will not permit parties litigant to confer jurisdiction upon it either by stipulation or by acquiescence." [Vandeventer v. Bank, 232 Mo. l. c. 622.]

The appeal in this case presents nothing proper for review in this court, since the amount in controversy is clearly within the jurisdiction of the St. Louis Court of Appeals; and the instruction presents no question which would divest that court of the right to rule upon its propriety. This case is, therefore, transferred to the St. Louis Court of Appeals. *Woodson, P. J., Lamm* and *Graves, JJ.,* concur.