MOORE v. JOHN H. SMITH & SONS et al.

(District Court, W. D. New York. April 8, 1913.)

BANKRUPTCY (§ 162*)—PREFERENCES—JUDGMENT.

A bankrupt, while insolvent, within four months prior to the filing of the petition, suffered two judgments to be entered against him in favor of certain creditors, at which his stock of goods was sold on execution and purchased for the benefit of the judgment creditors. Held, that by such judgments the creditors received a preference which they had reasonable cause to believe was intended as such, and that the trustee was therefore entitled to recover from them the reasonable value of the goods at the time of the sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 278–281; Dec. Dig. § 162.*]

Action by H. A. Moore, trustee in bankruptcy of Philip M. Boyer, against John H. Smith & Sons and others. Judgment for plaintiff.

Gordon F. Matthews, of Buffalo, N. Y., and W. C. Pentz, of Dubois, Pa., for plaintiff.

Thomas E. Lawrence, of Buffalo, N. Y., for defendants.

HAZEL, J. It will suffice to state, in the main, my conclusions in this case. I find that the bankrupt, while insolvent, within four months before filing the petition in bankruptcy, procured, or suffered to be entered against him, in Clearfield county, Pa., two judgments

---

for the sums of $689.83 and $561.16, respectively, the first judgment being in favor of the defendants John H. Smith & Sons, and the second in favor of the defendants Dories & Co.; that a few days afterwards a sheriff's sale was had under said judgments, at which the stock of goods of the bankrupt was bid in and sold for the benefit of the judgment creditors; that by the recovery of such judgments the defendants received preferences, which they had reasonable cause to believe were intended as preferences. Section 60b of the Bankruptcy Act, before amendment (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]). The trustee in this action is entitled to a decree avoiding such preferences, and to the value of the stock of goods sold at sheriff's sale for the benefit of the defendants on the execution issued to enforce the judgments recovered by the defendants Smith & Sons.

The value of the stock of goods bought at sheriff's sale by Smith & Sons for the benefit of the defendants is claimed by the plaintiff to have been $2,011.66, in support of which claim testimony was given by the witness Staver, the sheriff who levied on the goods; but I cannot accept his estimate of the value as conclusive. The defendants have testified that the property was not of a much greater value than the amount at which it was bid in at the sale. In determining the value of the goods, the evidence in its entirety must be taken into consideration, and the possibility of deterioration of the goods and the fact that they were struck off at the price they were at a sale where numerous bidders were present would seem to indicate that they were of considerably less value than claimed by the plaintiff.

In my opinion the fair value of the property did not exceed $900, for which amount the trustee may enter a decree, but without interest and without costs, because of his delay in bringing this suit to a hearing.