JOSEPH M. JONES, Trustee in Bankruptcy for the
   AUTOMATIC MUSIC COMPANY, Appellant, v.
   THE SCHAFF BROS. COMPANY a Corpora-
   tion, Respondent.

**Kansas City Court of Appeals, March 1, 1915.**

1. **PLEADING: Petition: Sufficiency.** Although a petition con-
   tains some statements which are conclusions of law, yet where
   every constitutive fact of the cause of action was stated, this
   makes the petition impervious to attack by demurrer.

2. ————: ————: ————: **Ownership.** An allegation that an
   insolvent corporation owned certain property is not a conclusion
   of law. Ownership is in reality an ultimate fact resting upon
   many other facts. But this does not render it necessary to aver
   with particularity how, when, or by what means the fact of
   ownership arose. That is a matter of evidence.

3. **RECEIVERS: Appointment: Insolvent Corporation.** A court
   has no power, either under statute, or by force of the common
   law, or in equity, to appoint a receiver for an insolvent corpora-
   tion upon its voluntary ex parte application. The appointment
   of a receiver is not the ultimate end and object of a suit. There
   must be a proceeding pending, wherein a receiver may be ap-

pointed as a provisional remedy or auxiliary measure in aid of some other lawful end sought to be accomplished by that action.

4. ———: ———: ———: Jurisdiction: Judgments: Impeachment in Collateral Proceeding. The appointment of a receiver upon the voluntary ex parte application of an insolvent corporation is void and all acts of the receiver as well as orders given him are void. The court has no jurisdiction or power to appoint a receiver in such case. And any orders or judgments made therein being void they may be attacked or impeached in a collateral proceeding.

5. BANKRUPTCY: National Bankruptcy Act: Amendment of 1910: Voidable Preference. A receiver, appointed by a void order, who turned over property of an insolvent corporation to a creditor (acquainted with the facts), within four months of the filing of the petition in bankruptcy which was followed by an adjudication of bankruptcy, effects a preference under the National Bankrupt Act the same as if the insolvent corporation had voluntarily turned the property over itself. And such act is voidable by the trustee in bankruptcy even though the turning over of the property be the result of a judgment suffered or procured within said four months of the petition in bankruptcy under the National Bankrupt Act as amended in 1910.

6. JURISDICTION: Presumption as to Rightfulness of Court's Action. The rule that as the circuit court is a court of general jurisdiction all presumptions may be indulged in favor of its power and the rightfulness of its action applies only where the act of the court was done in a matter that is within the realm of its jurisdiction.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern* Judge.

REVERSED AND REMANDED.

*Ellis, Cook & Barnett* for appellant.

(1) The attempted and alleged receivership proceedings were illegal and void. Sec. 60-b, Federal Bankruptcy Act; State ex rel. v. Ross, 122 Mo. 435; Alderson on Receivers, p. 81, Sec. 52; see also pages 82, 83, 84, 85, 86; High on Receivers (4 Ed.), p. 55; also p. 429, sec. 344-a; Whitney v. Hanever Nat'l Bank, 71 Miss. 1009, 15 So. 33, 23 L.'

R. A. 531; Jones v. Bank of Leadville, 10 Colo. 464, 17 Pac. 272; Smith v. Ely-Walker D. G. Co., 79 Miss. 266, 30 So. 653; State v. District Court, 21 Mont. 155, 53 Pac. 272; 69 Am. St. 645; Mann v. German American Invest. Co., 70 Neb. 454; Railroad v. Gay, 86 Tex. 571, 26 S. W. 599; See also Note 20 L. R. A. 210, 23 L. R. A. 534. (2) Receivership proceedings were legal and valid, they constituted no bar to plaintiff's action because the bankruptcy law authorizes the recovery of preferences, even though secured through legal proceedings. Sec. 60-b, Federal Bankruptcy Act; Moore v. John H. Smith & Son, 30 Am. Bankr. Rep. 413 (U. S.) 1913, 205 Fed. 431.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The petition does not state facts constituting a cause of action for debt, on contract or in tort, legal or equitable. Conclusions, not facts are pleaded. Every presumption must be indulged in favor of the validity of the acts of the circuit court, it having general jurisdiction in equity cases and the parties being before it. Its judgment cannot be collaterally attacked, and no direct attack is well pleaded. That judgment awarded the property to respondent and the matter is *res adjudicata*. Mallinckrodt v. Nemnich, 169 Mo. 397; State ex rel. v. Barnett, 245 Mo. 99; State v. Hunter, 171 Mo. 438; Meddis v. Kenney, 176 Mo. 200; State ex rel. v. Bank, 120 Mo. 161; Buddecke v. Ziegenhein, 122 Mo. 239; Potter v. Whitten, 161 Mo. App. 118; State ex rel. v. Dearing, 180 Mo. 53; Crommer v. Dickman, 18 Mo. 148; Cox v. Boyce, 152 Mo. 576; Cox v. Hunter, 152 Mo. 584; Carter v. Carter, 237 Mo. 624; State ex rel. v. Tracy, 237 Mo. 109; In re Ingenbohs, 173 Mo. App. 261; Wehrs v. Sullivan, 217 Mo. 167. (2) No cause of action under the bankruptcy law is peladed. Plainly the circuit court had jurisdiction of an action "to administer and distribute the assets of an insolvent

company'' and to appoint a receiver for that pur-
pose. Having done so the same court in another suit
cannot ''encroach upon or intermeddle'' with that
power and authority. Beekman Lumber Co. v. Acme
Harvester Co., 215 Mo. 221; Wehrs v. Sullivan, 217 Mo.
167; State ex rel. v. Reynolds, 209 Mo. 161.

TRIMBLE, J.—Plaintiff, Trustee in Bankruptcy
of the estate of the Automatic Music Company, a busi-
ness corporation located in Kansas City, · Missouri,
brought this suit to recover the value of an alleged
voidable preference made by the bankrupt within four
months before the filing of the petition in bankruptcy.
A demurrer to the petition was sustained and plain-
tiff, declining to plead further, stood on his petition
and appealed.

The facts stated in the petition are as follows:

The petition in bankruptcy was filed December 11,
1912, the corporation was adjudged a bankrupt on
August 9, 1913, plaintiff was appointed and qualified
Trustee on September 8, 1913, and on December 26,
1913, was ordered to institute this action, which was
done on the same day the last-mentioned order was
made.

For a year or more prior to the filing of the peti-
tion in bankruptcy, the said Music Company had been
purchasing pianos and piano appliances from the de-
fendant and on said December 11, 1912, and for several
weeks prior thereto, the said Music Company was
largely indebted to defendant on that account.

On December 3, 1912, said Automatic Music Com-
pany made a voluntary and ex parte application to the
circuit court of Jackson county, Missouri, for the ap-
pointment of a receiver of its affairs, and in that ex
parte hearing, unauthorized by law and not founded
upon any cause of action against said corporation, and
at the instance of the corporation itself, an alleged
receiver was appointed for it on the ground of its own

insolvency. At that time the corporation owed more than $10,000 and its assets did not exceed $7500.

On December 11, 1912, defendant made application to the circuit court, wherein the alleged receiver had been appointed, for an order on the receiver to turn over to defendant a large number of pianos, and the proceeds of certain other pianos, then in the possession and control of said receiver, which application was based on the alleged ground that the said pianos and proceeds belonged to defendant and not to the insolvent corporation by virtue of a consignment contract between defendant and said coporation. Said application was sustained, and the receiver was ordered to turn over, and did turn over, to defendant a large number of specified pianos of the aggregate value of $1735, and also a number of specified promissory notes given by customers of the Music Company for the purchase price of other pianos, aggregating $2925 in value.

Said petition further alleged that said pianos and notes did not belong to defendant but were the property of said insolvent corporation; that the transfer of said property occurred within four months of the filing of the petition in bankruptcy; that the effect of said transfer was to enable defendant to obtain a greater percentage of its debts than any other creditor of said corporation of the same class; that said corporation was insolvent at the time said property was turned over and said transfer operated as a preference, and defendant and its agents acting for it, knew, or had reasonable cause to believe, that fact.

The petition further alleged that the defendant, after receiving said pianos and notes, converted them to its own use and disposed of same, and that plaintiff elected to sue for the value thereof, which was alleged to be $4660 for which judgment was prayed.

In our opinion it was error to sustain a demurrer to plaintiff's petition. It is true the petition contains some statements which are doubtless conclusions of

law, for instance, that the appointment of the receiver was void and that his transfer of the property was null, etc. But these allegations did not constitute the whole of the petition; they merely followed as conclusions from the facts alleged therein as constituting plaintiff's cause of action. Since every fact constitutive of that cause of action was stated, the petition was good, even though it contained some conclusions of law drawn from those facts. Said conclusions might possibly have been omitted, and yet, if retained, served to explain and clarify, rather than confuse or becloud, the theory on which plaintiff was attempting to proceed. The allegation in the petition, that the insolvent corporation was the owner of the pianos and notes and that the defendant did not own them was not a conclusion of law. In one sense it might be thought to be, because ownership depends upon the conclusion which the law pronounces as the result of certain facts. But ownership is in reality merely an ultimate fact resting upon many other facts. This, however, does not require a pleader to state all the minute circumstances and course of proceedings by which that ultimate fact will be established. It is not at all necessary to aver with particularity how, or from whom, or the precise method in which, the fact of that ownership arose. That would be matter of evidence. [Planet, etc. Co. v. St. Louis, etc. R. Co., 115 Mo. 613, l. c. 619.] An ultimate fact which is a corollary from other facts is still a fact and the means by which its existence is to be established need not be proved. [Russell Grain Co. v. Wabash Railroad Co., 114 Mo. App. 488; Nichols v. Nichols, 134 Mo. 187, l. c. 194; Haggerty v. St. Louis, etc. R. Co., 100 Mo. App. 424, l. c 439.] Especially should this be the rule where the various facts establishing the ultimate fact are, as here, more fully within the knowledge of defendant than of plaintiff.

The same may be said concerning the allegation of the petition as to the validity of the receivership. The

constitutive facts were alleged, namely, that the receiver was appointed on the voluntary application of the insolvent corporation, in an ex parte proceeding, without notice to creditors or others interested, and not in an action then pending wherein the court would have power to appoint a receiver as a provisional remedy or auxiliary measure in aid of some other lawful end sought to be accomplished by that action. This is a sufficient statement of the facts to call in question the power or jurisdiction of the circuit court to appoint a receiver under such circumstances, and, in connection with the other facts alleged, to question the validity of the order directing the receiver to turn the property of the insolvent corporation over to defendant and the validity of his act thereunder. The appointment of a receiver is not the ultimate end and object of a suit. The court cannot appoint a receiver upon the ex parte application of the corporation itself. There must be a proceeding pending. [State ex rel. v. Ross, 122 Mo. 435, l. c. 456, 461; State ex rel. v. Reynolds, 209 Mo. 161, l. c. 185.] This is clearly recognized by every statute authorizing the appointment of a receiver of which we have any knowledge. They are sections 1081, 1171, 2018, 2196, 2197, 2323, 2533, 3012, 3153, 3365, 3429, 3444, 3492, and 7923, Revised Statutes 1909. There may possibly seem to be two exceptions to the above statement, that of section 3492 and section 3429, the former of which provides that a receiver may be appointed on the application of a shareholder of a Bond Investment Company, and the latter that a receiver may be appointed for a co-operative company upon the application of the Supervisor of Building and Loan Associations. But sections 3494 and 3430 provide, in these two cases, for a *proceeding* to be instituted by the Attorney-General *and for process to be issued* as in other actions. Sections 2996-7-8-9, Revised Statutes 1909 provide a means whereby a corporation may have itself dissolved and

its affairs wound up by the directors under the supervisory control of the court, but these have no reference to the appointment of a receiver, and even they require notice to all creditors and others interested before the court has power to finally act. So that there is no known statutory authority given a court to appoint a receiver upon the mere ex parte application of an insolvent corporation to take charge of and manage its affairs. And a court of equity has no inherent power to appoint such receiver except as an incident to and in a pending suit. [Whitney v. Hanover National Bank, 71 Miss. 1009; Jones v. Bank of Leadville, 10 Colo. 464; Mann v. German Am. Inv. Co., 70 Neb. 454; Texas, etc. R. Co. v. Gay, 86 Tex. 571; 34 Cyc. 29.] There may be exceptions to this rule, but if there are, they do not come within the purview of the facts involved herein. Consequently, the circuit court was without jurisdiction to appoint a receiver, and its order, as well as everything done in the alleged receivership, was void and can be impeached even in a collateral proceeding. [High on Receivers (4 Ed.), p. 55, sec. 39c, also p. 429, sec. 344a.] See also the authorities cited above.

The appointment of the receiver and all orders made therein being void, of course, the turning of the insolvent corporation's property over to one of its creditors was also void, and the situation is the same as if the corporation itself had voluntarily turned said property over to the defendant. And, since it was done within four months of the filing of the petition in bankruptcy and under circumstances from which defendant must have known, or had reasonable cause to believe, that it would effect a preference, it is voidable by the trustee under the terms of the National Bankrupt Act. And this applies even to judgments procured or suffered to be entered against the bankrupt within that time under the terms of Par B., sec. 60, of the Bankrupt Act as amended by Act of Congress of June 25, 1910. [36 U. S. Stats. at Large, Chap. 412, p. 842; 3 Reming-

ton on Bankruptcy (2 Ed.), 2714.] Said paragraph, as amended, reads as follows:

"b If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

By virtue of this Act and of the facts stated in the petition the trustee is entitled to recover the reasonable value of the goods and property at the time they were turned over to defendant. [Moore v. John H. Smith & Sons, 205 Fed. 431.]

The case of Beekman Lumber Co. v. Acme Harvester Co., 215 Mo. 221, cited by defendant, has no application here. In the first place, it arose and was decided prior to the amendment of the above mentioned paragraph of the Bankrupt Act in 1910; and in the next place, there was no adjudication of bankruptcy in the Beekman case as there has been in the case at bar.

Neither can defendant call to the aid of its demurrer the well-known rule that as the circuit court is a court of general jurisdiction all presumptions may

be indulged in favor of its power and rightfulness of action. That rule applies only where the act of the court was done in a matter that is within the realm of its jurisdiction. [Potter v. Whitten, 161 Mo. App. 118, l. c. 127; State ex rel. v. Ross, 122 Mo. 435.]

It is not necessary to decide what would have been the effect of bankruptcy proceeding on the circuit court's action in the alleged receivership if jurisdiction had existed to appoint the receiver. Neither the trustee nor any one else was a party thereto to be bound thereby for failure to object. And if the Bankrupt Act can render void the acts of the parties themselves, when done within a certain date of the bankruptcy proceedings and under certain circumstances, then it can render voidable what a court has done for them under those specified circumstances, else the National Bankrupt Law is not paramount.

The judgment is reversed and the cause remanded, so that the trustee may be permitted to offer his testimony in support of the prayer of his petition. All concur.