SIMPLEX PAPER CORPORATION, RESPONDENT, v. STANDARD CORRUGATED BOX COMPANY, DEFENDANT; THE HINDE AND DAUCH PAPER COMPANY, APPELLANT.—97 S. W. (2d) 862.

St. Louis Court of Appeals. Opinion filed November 10, 1936.

Motion for Rehearing Overruled November 24, 1936.

*Boyle & Priest, George T. Priest* and *Robert E. Moloney* for appellant.

*King, Flynn & Frohman* of counsel.

*Cullen, Fauntleroy & Edwards* for respondent.

*Green, Henry & Remmers* for the receivers, of counsel.

HOSTETTER, P. J.—The Simplex Paper Corporation, plaintiff-respondent, is a corporation organized under the laws of Michigan; the Standard Corrugated Box Company, defendant, is a corporation

organized under the laws of Missouri, and the Hinde & Dauch Paper Company, appellant, is a corporation organized under the laws of Ohio and both of the said foreign corporations were duly authorized to do business in Missouri.

The Simplex Paper Corporation will be referred to hereinafter as plaintiff and the Standard Corrugated Box Company will be referred to hereinafter as Box Company and the Hinde & Dauch Paper Company will be referred to hereinafter as Paper Company.

This action was begun in the Circuit Court of the City of St. Louis on the 26th day of February, 1929, for the recovery of the sum of $1778.89 on account for goods sold and delivered by plaintiff to the Box Company and also for the appointment of a receiver for said Box Company. As the action was originally brought the Paper Company and twenty-six stockholders of the Box Company were made parties defendant.

Upon the filing of the petition, the plaintiff filed an application for the appointment of a receiver for the Box Company, notice being served on that corporation. On March 7, 1929, the court heard the application and, acting upon it, appointed John E. Witthaus and William E. Feutterer as receivers for the Box Company.

The Paper Company, as one of the defendants, filed its separate demurrer to the petition, and, on June 7, 1929, filed its amended demurrer.

On December 9, 1929, the amended demurrer filed by the Paper Company was overruled, and, on December 31, 1929, the Paper Company filed its answer to plaintiff's petition.

The Box Company, though duly served, filed no answer.

The petition was very voluminous, and, boiled down, after the usual averments in respect to the corporations involved, its averments may be summarized as follows:

That Harry L. Borders, a resident of the City of St. Louis, was secretary and treasurer of the Box Company and that the latter is indebted to plaintiff in the sum of $1178.89 for goods sold and delivered by plaintiff to it; that there are a large number of creditors of the Box Company to each of whom it is indebted, totalling a large sum; that plaintiff brings this suit in its own behalf and in behalf of all the other creditors of said Box Company; that on August 1, 1928, Harry L. Borders and other stockholders of the Box Company, in fraud of the rights of plaintiff and the other creditors, made a sale to the Paper Company of the business, goodwill, plant, machinery, real estate and all the assets of the Box Company except bills receivable due and owing to it, amounting to $25,000; that as payment for the property so conveyed, the Paper Company paid to said Harry L. Borders $123,333.23, which said Borders received on behalf of himself and other stockholders; that having received said sum of money said Borders proceeded to dis-

tribute the same to the stockholders of the Box Company, resulting in the conversion of the assets of the Box Company by the Paper Company and in the diversion of the funds which were the proceeds of the sale of the assets of the Box Company into the hands of its stockholders and that the acts of said Borders in such transaction were in breach of his fiduciary duty as secretary and treasurer of said Box Company and in fraud of said Box Company; that the assets of the said Box Company were impressed with a trust in favor of plaintiff and the other creditors of said Box Company; that the money paid to said stockholders as the proceeds of the sale of said assets were impressed with a trust in favor of plaintiff and the other creditors of said Box Company; that the result of such sale was the transfer to the Paper Company of all or nearly all of the assets of the Box Company; that the money received from the Paper Company as the purchase price, or a part of the purchase price, of said assets, belonged to the Box Company and not to its stockholders; that the said stockholders appropriated said money to themselves and converted said money to their own use and benefit in fraud of plaintiff and the other creditors; that the paper company acted in full privity with said Borders and the stockholders of said Box Company in that said Paper Company employed said Borders in the aforesaid transaction and had full notice of the existing debts of the Box Company and was a party to said transaction and through said transaction acquired all, or nearly all, of the assets of the Box Company and converted them to its own use and assisted in the diversion of the purchase price of said assets into the hands of the stockholders of said Box Company in fraud of plaintiff and the other creditors of said Box Company and that, by so doing the said Paper Company took said assets into its possession charged with a trust in favor of plaintiff and other creditors; that the price paid for the assets of the Box Company by the Paper Company was inadequate and was fraudulently determined as against the Box Company and against the plaintiff as a creditor, and as aginst the other creditors in whose behalf the suit is brought, by reason of the fact that said Borders was acting as agent of the Paper Company in bringing about the sale of the assets of the Box Company, and, while pretending to represent himself and the stockholders of the Box Company he was, in realty, representing the Paper Company, and that the inadequate price was fraudulenty and collusively determined between the Paper Company and the said Borders in violation of his fiduciary duty to the Box Company and its creditors; that there is due to the Box Company from various debtors sums of money totalling $25,000, evidenced by bills receivable; that said bills receivable were not transferred to the Paper Company, but remained the property of the Box Company; that said bills receivable have been only partly paid and are in a large part left uncollected

and that said Borders as secretary and treasurer of the Box Company has been remiss and negligent in failing to prosecute the collection of said bills; that as a result of said transaction the business of the Box Company had been destroyed and terminated and has passed into the hands of the Paper Company; that said Box Company is now no longer a going concern and has ceased to do business; that it has been denuded of its assets and rendered insolvent and incapable of meeting the claims of its creditors for the just debts owing by it to them; that the plaintiff and other creditors have no adequate remedy at law and unless the court takes jurisdiction of this cause in equity irreparable injury will be done to plaintiff and the other creditors.

It was further alleged that it was necessary that the court should appoint a receiver to collect, keep and preserve the monies, property and assets of the Box Company and all claims and choses in action, both legal and equitable belonging to the Box Company before the same should become lost or uncollectible.

The petition closed with a prayer that plaintiff have judgment against the Box Company for the sum of $1778.89 with interest and that judgment be declared a lien against the assets of the Box Company and that the assets be adjudged a trust fund in equity for the benefit of the plaintiff and all other creditors of the Box Company and that, pending the suit, a receiver be appointed for the Box Company for the purpose of discovering, collecting and preserving the assets of the Box Company and to take such accountings as the court may order.

The answer of the Paper Company contained first, a general denial, followed by allegations to the effect that there was no equity in plaintiff's petition and that it appears from the face of plaintiff's petition that it has an adequate remedy at law.

Thereupon the cause proceeded to trial in the Circuit Court on the 10th day of November, 1930. At the inception of the trial the attorney for the Paper Company objected to the introduction of any testimony and moved to dismiss the plaintiff's bill on the ground that the bill showed on its face that plaintiff had an adequate remedy at law and therefore stated no equity.

Thereupon the cause was dismissed as to the Paper Company and all of the other defendants, leaving the Box Company the sole defendant.

The trial then progressed and after having heard the evidence the court entered a final order, judgment and decree making the temporary injunction and restraining order theretofore entered permanent and the temporary receivers theretofore appointed permanent and entered a judgment in favor of plaintiff and against the Box Company in the sum of $1778.89 and also an order authorizing the receivers to prosecute suits against the Paper Company on any

claims against it in favor of the Box Company and also suits against any of the stockholders of the Box Company who had received funds or assets of that corporation in distribution, which should have been used for the payment of creditors' claims.

Thereafter, on March 31, 1931, the Paper Company filed a motion for the purposes of the motion only, asking the court to dissolve the receivership and remove the receivers heretofore appointed on the ground and for the reason that the court is without jurisdiction to appoint receivers or to take charge of said business because the facts contained in the will state no grounds for the appointment of receivers and no grounds for any proceeding in equity.

The record fails to show any application for leave to file said motion or any order of the court granting the Paper Company leave to file the same.

Thereafter, on August 18, 1931, during the June Term, 1931, of said court, the Paper Company asked leave to intervene in said suit and file a motion to set aside the order appointing receivers of the Box Company, which petition or motion in substance set out that the court was without jurisdiction to appoint a receiver in said cause and that said receiver is without authority to bring any action at law against it (the Paper Company) and that the Paper Company, the petitioner, is doubtful if it has the right to contest or question the authority of the receiver to bring said suit in the suit so brought by him against the Paper Company and prayed that it be made a party defendant in the cause and that it be permitted to file the motion attached thereto, which motion in substance was that the Paper Company as intervenor prayed the court to set aside, vacate and for naught hold the order heretofore entered appointing receivers for the Box Company and to dissolve the injunction issued in connection therewith against said Box Company, its officers, agents and creditors for the reason that the court is without jurisdiction to make said order or to issue said injunction because the bill filed by plaintiff does not state any facts entitling it to equitable relief, nor does said petition state any facts constituting a cause of action.

Thereupon, on September 14, 1931, during the September Term, 1931, the court sustained the petition of the Paper Company for leave to intervene and file its motion to set aside the order appointing receivers of the Box Company, which motion was filed.

Thereupon, on September 14, 1931, at the September Term, 1931, of said court, the court, by an order duly entered of record, overruled the motion of the Paper Company to set aside the order theretofore made appointing receivers of the Box Company. From this action of the court the Paper Company duly perfected its appeal to this court.

The main and pivotal question involved in this case is whether or

not the plaintiff's petition showed on its face that plaintiff had an adequate remedy at law.

It seems to be supported by the great weight of the authorities that, before a court may be clothed with jurisdiction to appoint a receiver, it must first appear that the plaintiff has no adequate remedy at law and, absent such a showing the court is without jurisdiction to appoint a receiver.

It is contended by the Paper Company that the petition shows that plaintiff had an adequate remedy at law in the following respects, viz:

That it could have reduced its claim to judgment and have execution against the Box Company and levy on and sell the $25,000 of assets which the petition alleged belonged to the Box Company, and, thereby have collected its debt.

That even assuming that the accounts receivable, amounting to $25,000, were insufficient to pay plaintiff's debt, then it had a direct cause of action against the stockholders by proceeding under the provisions of Section 4574, Revised Statutes Missouri 1929.

That under the allegations in the petition to the effect that the Paper Company had acquired all of the assets of the Box Company, under an express contract of sale, whereby it (the Paper Company) agreed to assume and pay all the outstanding creditors of the Box Company, the plaintiff could have maintained a direct action at law against the Paper Company under such contract, which would, in any event, more than satisfy plaintiff's claim; and that the existence of any one of the three causes of action at law mentioned, showed a lack of jurisdiction in the court to appoint a receiver or receivers at the behest of plaintiff.

We are of the opinion that the petition did show affirmatively that the plaintiff had an adequate remedy at law and the fact that the petition so showed, therefore the court, as a court of equity was without jurisdiction to appoint a receiver or receivers. [State ex rel. Priest v. Calhoun, 207 Mo. App. 149, loc. cit. 158, and authorities cited, 226 S. W. 329; Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Gabbert v. Union Gas & Traction Co., 140 Mo. App. 6, 123 S. W. 1024; Humphreys v. Atlantic Milling Co., 98 Mo. 542, 10 S. W. 140; Mansur & Tebbetts Implement Co. v. Jones, 143 Mo. 253, loc. cit. 278, 45 S. W. 41; Davidson v. Dockery, 179 Mo. 687, 78 S. W. 624; Mullen v. Hewitt, 103 Mo. 639, 15 S. W. 924.]

The Paper Company further contends that before a creditor can maintain a creditor's bill, he must reduce his claim to judgment and show a *nulla bona* return, citing the following cases in support of such contention: Daggs v. McDermott, 327 Mo. 73, loc. cit. 81, 34 S. W. (2d) 46; Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829; Humphreys v. Atlantic Milling Co., 98 Mo. 542, 10 S. W.

140; Crim v. Walker, 79 Mo. 335; Fischer v. Tallman, 74 Mo. 39; Mullen v. Hewitt, 103 Mo. 639; Ready v. Smith, 170 Mo. 163, 70 S. W. 484.

It is further contended by the Paper Company that the appointment of a receiver of a corporation, under a bill which confers no jurisdiction upon the court, is void absolutely, citing the following cases in support of such contention: Jones v. Schaff Bros., 187 Mo. App. 597, 174 S. W. 177; Conrades v. Pearcy, 302 Mo. 627, 259 S. W. 98; Finneran v. Burton, 291 Fed. 37.

The appointment of a receiver is no part of the cause of action, it is merely incidental to it. [Price v. Bankers Trust Co. (Mo.), 178 S. W. 745.] Neither is a court of equity a tribunal for the collection of debts. [Coleman v. Hagey, 252 Mo. 102, 158 S. W. 829.]

In State ex rel. Priest v. Calhoun, 207 Mo. App. 149, loc. cit. 157, 226 S. W. 329, this court, in an illuminating opinion by Judge BECKER, quotes approvingly the following language:

"It is also fundamental that this hand of the court will be laid upon property of the owner and that owner evicted from possession thereof only to prevent irreparable injury or to prevent justice from being defeated (State ex rel. v. McQuillin, 260 Mo. 164, 168 S. W. 924), and only when there is no other adequate remedy (Blades v. Billings, etc., Co., 154 Mo. App. 350, 134 S. W. 579; Alderson on Receivers, 487), it is also settled, if not fundamental, that this great power of disturbing the possession of the true owner, or of him who is entitled to the possession, ought to be exercised with extreme caution and ordinarily only in cases of imminent danger or loss, or of damage or of miscarriage of justice. [Blades v. Billings, etc., Co., supra; Alderson on Receivers, 487.] In the excellent treatise of Mr. Alderson, at page 487, supra, these views are tersely expressed, thus:

" 'It may be stated as a general proposition that where, from any cause, the property of a corporation is exposed to imminent peril, or where it is necessary to protect the interests of stockholders and creditors by the appointment of a receiver, and there is no other adequate remedy, a court of equity has inherent power to appoint a receiver and take charge of the property and affairs of the corporation for the purpose of preserving the assets and protecting the interests of stockholders and creditors. The exercise of such jurisdiction over corporations must be most sparingly and cautiously exercised, and only in cases of extreme necessity.'

. . . . . . .

"Going back to the first and fundamental principles with which, as a basis for this discussion, we premised the case, we see that there are other adequate, full, complete, and direct remedies for this situation: . . . So, there is in every case present that other adequate remedy and lack of extreme necessity which ordinarily

precludes a receivership. [State ex rel. v. Peoples United States Bank, 197 Mo. l. c. 598, 94 S. W. 953; Blades v. Billings Co., 154 Mo. App. 350, 134 S. W. 579; Thompson v. Greely, 107 Mo. 587, 15 S. W. 962.]

''In this view we are mindful of the statute (sec. 2018, Revised Statutes of Missouri, 1909) which relegates the appointment of a receiver to the discretion of the judge or court *nisi* by providing that such court or judge 'shall have power to appoint a receiver, when such appointment shall be deemed necessary.' This statute is but declaratory of the rule and practice which had long prevailed in equity before the enactment of the statute. This discretion thus lodged in the courts or judges is a sound judicial discretion 'to be exercised for the promotion of justice where no other adequate remedy exists.' [High on Receivers, 7] . . .''

We are of the opinion that the circumstances outlined in the petition in the instant case do not make out a case of extreme necessity for which there is not other adequate relief.

We are also of the opinion that the existence of one or more of the actions at law, pointed out by the Paper Company and which would have unquestionably afforded plaintiff, who was a simple contract creditor, an adequate remedy, sufficient to render the court without jurisdiction to appoint a receiver.

It is urged on behalf of the plaintiff that Section 4574, Revised Statutes of Missouri 1929 (Mo. Stat. Ann., Sec. 4574, p. 2020), only applies to causes of action against such stockholders as have failed to pay their stock subscriptions in full and, therefore, the plaintiff would be without a cause of action against the stockholders on that account.

In Potter v. Conqueror Trust Co., 170 Mo. App. 108, 155 S. W. 80, it is held that a creditor has a direct action at law against a stockholder who has received distribution of assets of a corporation without paying the corporation's debts. When stockholders of a corporation distribute among themselves all of the assets of a corporation and leave its creditors unpaid, they have hindered and delayed the creditors and, in such contingency, creditors may have a direct action against them at law for the fraud. [Leonard v. Martin, 192 Mo. App. 350, loc. cit. 355, 180 S. W. 1014.]

It is also contended by the plaintiff that where a simple contract creditor sues a corporation, asking for the appointment of a receiver, and the corporation comes in and admits the allegations in the petition and consents to the appointment of a receiver, that such act of the defendant corporation gives the court jurisdiction of the subject-matter and that its act in so appointing the receiver cannot be attacked collaterally, but it is held in State ex rel. St. Louis Dressed Beef, etc., v. Nixon, 232 Mo. 496, 134 S. W. 538, that parties cannot by their consent give a court jurisdiction of the subject. This prop-

osition is so well established that citation of authorities to support it are unnecessary. [Bothe v. Chicago B. & Q. R. Co., 248 Mo. 36, 154 S. W. 98.]

The plaintiff cites the case of First National Bank v. Stewart Fruit Co., 17 Fed. (2d) 621, as holding that the appointment of a receiver by the court for a defendant corporation, where the corporation admits the allegations of the plaintiff creditor and consents to the appointment of a receiver, that such entry of appearance and consent prevents the action of the court from being attacked collaterally; but such is not the prevailing rule in the Missouri courts.

The rule in Missouri is to the effect that where a judgment is rendered in an action where the court has no jurisdiction it is void *ab initio* and may be attacked by anybody at any time. [State ex rel. Priest v. Calhoun, 207 Mo. App. 149, loc. cit. 155; State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S. W. 617, loc. cit. 622, par. 3; Jones v. Schaff Bros., 187 Mo. App. 597, loc. cit. 604, 174 S. W. 177.]

Other Federal courts recognize that the ruling in First National Bank v. Stewart Fruit Co., 17 Fed. (2d) 621, *supra,* is not the rule in Missouri. [Zechiel v. Firemen's Fund Ins. Co., 61 Fed. (2d) 27, loc. cit. 28; Elliott v. Superior Court, 145 Pac. 101.]

In Zechiel v. Firemen's Fund Ins. Co., *supra,* the following pronouncement appears:

"In the states where the court of last resort have held the order appointing the receiver a nullity—an act entirely outside the jurisdiction of the court making the appointment—the collateral attack is upheld. [In re Richardson's Estate (D. C.), 294 F. 349; State v. Superior Court of Marion County, 195 Ind. 174, 144 N. E. 747. See, also, Scarritt Estate Co. v. Johnson, 303 Mo. 664, 262 S. W. 373; Harned v. Beacon Hill Real Estate Co., 9 Del. Ch. 232, 80 A. 805; Bowman v. Hazen, 69 aKn. 682, 77 P. 589.]"

It is also contended by plaintiff that the Paper Company cannot now question the want of jurisdiction of the court over the subject-matter because it is a stranger to the record. However, this contention is unsound, as shown by the reasoning in the following cases: State ex rel. Priest v. Calhoun, 207 Mo. App. 149, loc. cit. 155; State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S. W. 617, loc. cit. 622, par. 3; Jones v. Schaff Bros., 187 Mo. App. 597, loc. cit. 604, 174 S. W. 177.

It is also contended by plaintiff that as the Paper Company did not appeal from the order of the court overruling its amended demurrer, which questioned the jurisdiction of the court, that, therefore, the matter is *res adjudicata.* Sufficient answer to this contention is that the record shows that after the overruling of the demurrer the Paper Company filed its answer to the petition, setting up the want of jurisdiction of the court and, the record further shows, that at the time the receivers were appointed by the court, the

Paper Company had not then been served and was not then in court and, also the record further shows, that at the time final judgment was entered appointing the receivers, the Paper Company had ceased to be a party defendant, having been dismissed as a defendant, and, therefore, could not appeal. [Leahy v. Campbell, 274 Mo. 343, 202 S. W. 1114.]

The plaintiff further contends, that as the Paper Company filed no motion for a new trial after final judgment, that no appeal would lie to it from the judgment appointing the receivers. A sufficient answer to this is that, the court having no jurisdiction of the subject-matter, the judgment was void and could be attacked collaterally. [Jones v. Schaff Bros., 187 Mo. App. 597, loc. cit. 604; State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S. W. 617, loc. cit. 622, par. 3.]

It is also contended by the plaintiff that the trial court erred in permitting the Paper Company to become a party to the action and file a motion to discharge the receivers on the ground that the court had no jurisdiction. However, the record shows that the receivers appointed by the trial court were authorized and instructed to bring a great number of suits, among them a suit against the Paper Company, and it also shows that the receivers have instituted such a suit against the Paper Company. A sufficient answer to this contention is that the judgment appointing the receivers and instructing them to sue, being void *ab initio*, could be attacked collaterally, and, inasmuch as there were many suits instituted under the order it was not improper to permit the Paper Company to become a party in the instant action, while pending in the lower court, for the purpose of raising the question of the jurisdiction of the court and the propriety of the bringing of a large number of actions by the receivers and that it was proper for the lower court to allow an appeal to the Paper Company so as to finally determine the question. This ruling permitted the question to be decided by this court and thereby avoids a multiplicity of suits.

It follows from the views hereinbefore expressed that the action of the trial court in appointing the receivers was void for want of jurisdiction so to do, and that it erred in refusing to discharge the receivers on the motion of the Paper Company, and that its judgment in so doing should be reversed, and it is so ordered. *Becker* and *McCullen, JJ.,* concur.