## SMETHERS v. SMETHERS.

### No. 21939.

Kansas City Court of Appeals. Missouri.

Dec. 7, 1953.

Rope, Shanberg & Rope, Herbert M. Rope, Kansas City, for appellant.

Homer A. Cope and Walter A. Raymond, Kansas City, for respondent.

BROADDUS, Judge.

This is an appeal by plaintiff from an order of the circuit court modifying a de-cree of divorce.

By its decree entered on September 22, 1948, the court granted the plaintiff, Edith Mae Smethers, a divorce and then entered judgment as to alimony as follows:

"It is further ordered and adjudged by the court that plaintiff have and recover of and from said defendant the sum of $25.00 per week so long as she shall live and remain single, as and for alimony. * * *"

Thereafter defendant filed a motion to modify said decree by setting aside that part relative to alimony, to be retroactive to the date of the original decree, and that an order *nunc pro tunc* be entered to so correct said decree for the reason that the court was without jurisdiction to enter such order..

On August 28, 1952, the court entered an order "that said decree be and the same is hereby modified by striking out and setting aside that part of the decree providing that plaintiff have and recover of and from said defendant the sum of $25.00 per week as and for alimony as long as she shall live or until she shall remarry, whichever event shall be first, such modification to be retroactive to the date of the decree as aforesaid, the Court further finding that the Court was without jurisdiction to enter that part of said decree inasmuch as the same is now and has always been null and void and does not now and never did constitute a valid judgment against the defendant."

. As a part of said order, the court overruled plaintiff's motion for alimony *pendente lite,* suit money and attorney's fees.

The instant case is governed by our holding in the case of Edmondson v. Edmondson, Mo.App., 242 S.W.2d 730, which in turn is based upon the ruling of the Supreme Court in the leading case of North v. North, 339 Mo. 1226, 100 S.W.2d 582.

The Edmondson case involved orders of the trial court sustaining motions to quash executions based upon a judgment in a divorce case. The decree therein provided that defendant should make certain payments to plaintiff and that: "Said payments shall continue until, and if, plaintiff remarries, for the rest of her natural life." [242 S.W.2d 733.] We quote the following language from that opinion:

. "The vital question is: does the plaintiff have any valid judgment for maintenance and support on which to base her two executions described? If not, they were properly quashed for that reason alone. Several elements must be considered in determining the effect of the provisions for payments in the divorce decree. There is no valid judgment for alimony if. (1) the prior property agreement is lawful and is conclusive as to provisions for support and maintenance, or (2) if the judgment by its terms exceeds the statutory authority.* * *

" * *. * The decree purports to award installment payments to the plaintiff for support. and maintenance in the same amounts as in the contract, and further provides the same to be payable to plaintiff regardless of remarriage 'for the rest of her natural life', as does the contract, and further makes the payments a charge upon the defendant, his heirs, executors and administrators, and 'a charge upon his estate'. But such provisions are not allowable in a divorce decree as more fully explained hereinafter. . * * *

"Under the authorities we are compelled to hold that the liability of the defendant, if any, in the case at bar for installments for the support and maintenance of the plaintiff is such and only such as arises under the property agreement between the parties, and that the provisions of the divorce decree purporting to provide for installment payments for plaintiff's support and maintenance and the conditions therein prescribed pertaining to same were made without authority of law and are void. It follows that the executions in question, issued to recover such payments under the decree are without force and effect and are likewise void and were properly quashed for that reason, if for none other."

In the North case, supra, the Supreme Court held that the trial court had no authority to make an award to continue as long as the wife remained single and unmarried. It did, however, have authority to approve a contract between the parties containing that provision. In the instant case the decree makes no reference to any

property settlement. On the other hand, it specifically recites, that the sums to be paid are "as and for alimony."

■ The court, not having had the authority to grant the particular relief which it did grant, its judgment is void and subject to collateral attack. State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1069; Rhodus v. Geatley, 347 Mo. 397, 147 S.W.2d 631, 637; Maxey v. Maxey, Mo.App., 212 S.W.2d 810, 811.

Plaintiff says that "even though it be conceded that the portion of the alimony decree purporting to extend same beyond the lifetime of the husband be void or voidable, nevertheless, the offending phrase is clearly divisible from the remainder, and the court erred in vacating the entire decree for alimony."

■ We recognized in the Edmondson case the rule which plaintiff urges here,—that a judgment may be valid in part and void in part where the parts which are valid and void are separable. We there said: "The invalidity of that part of the decree does not, of course, affect the validity of that separable part thereof dissolving the marriage in the plaintiff's favor."

■ However, the "offending phrase" as plaintiff styles it, is not "clearly divisible from the remainder." It is an integral part of the alimony order. It fixes the length of time the alimony is to continue. Its inclusion in the alimony portion of the judgment makes that order void according to the Edmondson case. Note the language of that opinion: "There is no valid judgment for alimony if * * * the judgment by its terms exceeds the statutory authority." We rule the point against plaintiff.

■ Plaintiff also says that the court had no authority to entertain defendant's motion to vacate inasmuch as it was filed more than three years after the original judgment became final. She bases her contention upon Section 511.250 RSMo 1949, V.A.M.S., which provides that judgment shall not be set aside for *irregularity* on motion unless such motion be made within three years after the terms at which such judgment was rendered. That statute has no application to a void judgment such as this.

As said in the case of Simplex Paper Corp. v. Standard Corrugated Box Co., 231 Mo.App. 764, 97 S.W.2d 862, 868:

"The rule in Missouri is to the effect that, where a judgment is rendered in an action where the court has no jurisdiction, it is void *ab initio* and may be attacked by anybody at any time. State ex rel. Priest v. Calhoun, 207 Mo.App. 149, loc. cit. 155, 226 S.W. 329; State ex rel. Dew v. Trimble, 306 Mo. 657, 269 S.W. 617, loc. cit. 622, par. 3; Jones v. Schaff Bros. Co., 187 Mo.App. 597, loc. cit. 604, 174 S.W. 177."

■ Plaintiff also contends that the court erred in refusing to allow her suit money, attorney's fees and alimony *pendente lite* upon defendant's motion to vacate. Our holding in the Edmondson case, supra, is a complete answer to plaintiff's contention. There we used this language:

"It is evident that since we have found that the provisions in the decree for payments to the plaintiff for her support and maintenance did not, under the circumstances, constitute a valid judgment for alimony or authorize the executions, the court did not err in overruling the plaintiff's motion for order *nunc pro tunc*. Nor is there any authority in law for the allowance by the court of attorney's fees to the plaintiff for services in connection with the executions issued under such judgment. Counsel for plaintiff so concedes, provided the decree is not a valid judgment for support and maintenance. The trial court properly overruled the plaintiff's motion for attorney's fees."

The judgment is affirmed. All concur.