S. B. BLADES et al., Respondents, v. BILLINGS MERCANTILE COMPANY, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. **RECEIVERS: Corporations: Pleading.**   The trial court appointed a receiver upon the ex parte application of certain stockholders; the petition alleging the mismanagement and misappropriation of funds on the part of the manager who had been placed in charge by the directors, but there was no allegation that the manager was so acting with the knowledge and consent of the directors, or that plaintiffs had made any effort to get the corporation to correct their grievance.   *Held,* that the appointment of the receiver was improper and that the trial court erred in refusing to set aside the order making the appointment.

Blades v. Mercantile Co.

2. **CORPORATIONS: Receivers: Appointment Only in Case of Imperative Necessity.** The appointment of a receiver of a corporation is a delicate one, especially when invoked upon an interlocutory ex parte application. The court must be satisfied that there is imminent danger of loss and that there is no other adequate remedy. The appointment should not be made except in case of imperative necessity.

3. ————: **Action by Stockholder: Effort to Get Corporation to Act: Pleading.** Before a shareholder of a corporation will be permitted to institute a suit in his own name and conduct litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain within the corporation itself the redress of his grievance or action in conformity with his wishes. If a request to the directors fails, then if time permits, and it is reasonable to require it, he should make an honest effort to obtain action by the stockholders, and the cause of failure in these efforts should be pleaded with particularity.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. H. Horine, W. T. Lamkin* and *J. T. White* for appellant.

(1) The order appointing the receiver should be vacated, because a receiver should not be appointed to take defendant's property out of its hands except in cases of extreme necessity, and never when any other remedy is available, such as injunction or attachment, where a bond is required. Such other remedies were open to the plaintiff in this case. 34 Cyc. 23, 25; 17 Ency. Pleading and Practice, 728; Laurel Springs Land Co. v. Tonger, 26 Atl. 886; Etowah Mining Co. v. Mills Val. Co., 17 Southern 522; Jones v. Smith, 40 Fed. 314; Harmon v. Construction Co., 21 S. W. 1054; Hays v. Land Co., 41 So. Rep. 910; State v. Bank, 197 Mo. 598; State ex rel. v. Dearing, 184 Mo. 664; Cabanis v. Mining Co., 116 Fed. 323; Merriam v. Railroad, 136 Mo. 161; United Electric Securities Co. v. Electric Co., 68 Fed.

673. (2) The order appointing a receiver should have been vacated because made without notice to the defendants. The rule is that persons affected by such an order must have notice and the only exceptions to the rule are; first, where defendants are non-residents, or conceal themselves so as to prevent notice, and second, where irreparable injury will probably ensue if the property is not brought into court at once and before the notice can be served. High on Receivers, secs. 111, 112, 113; 34 Cyc. 117; 17 Ency. Pl. and Pr. 717; Rees v. Andrews, 169 Mo. 177; State ex rel. v. Lead & Barryta Co., 184 Mo. 647; Henderson v. Reynolds, 81 N. E. (Md.) 494; Wabash v. Dykerman, 32 N. E. 826; Thompson v. Mfg. Co., 6 Southern (Ala.) 928; Bergess v. Martin, 20 Southern (Ala.) 506; Larson v. Winder, 44 Pac. (Wash.) 123; People v. Albany, etc., 87 N. Y. 161. (3) Allegations of fact or verifications of the same on knowledge, information and belief, of the affiant are insufficient to justify the appointment of a receiver in any case. The court must be informed first hand by some one who knows. Clark v. Barrie, 105 Fed. 787; Benepe-Owenhouse Co. v. Schneidegger, 80 Pac. 1024; Clark v. Oil Co., 105 Fed. 792; Moritz v. Miller, 6 Southern 269; High on Receivers; secs. 89, 292; Livingston v. Bank, 26 Barb. 304. (4) A receiver will not be appointed unless the plaintiff's bill states grounds for equitable relief. The petition in this case wholly fails to meet that requirement because plaintiffs, having the status of stockholders, have not exhausted their remedy for the wrongs complained of within the corporation itself. Loomis v. Railroad, 165 Mo. 489; Albers v. Merchants' Exchange, 45 Mo. App. 219; Allen v. Wilson, 28 Fed. 677; Robinson v. Loan Co., 90 Fed. 771; Ulman v. Real Estate Co., 45 Atl. 41; Flynn v. Brooklyn, 53 N. E. (N. Y.) 520; Grewer v. Grouse, 69 N. Y. 154; Dennemeyer v. Coleman, 11 Fed. 97; Hawes v. Water Co., 104 U. S. 450; Cabanis v. Mining Co., 116 Fed. 318.

*G. A. Watson* and *W. P. Sullivan* for respondents.

(1) The power of a circuit court to appoint a receiver is inherent and is independent of any statute. Cox v. Volkert, 86 Mo. 505; Greely v. Bank, 103 Mo. 212. (2) The facts pleaded by plaintiffs stand admitted by the motion which is in the nature of a demurrer. State ex rel. v. Hardware Co., 109 Mo. 118; Butler v. Lawson, 72 Mo. 227. (3) Ever presumption must be in favor of the regularity and correctness of the actions of a circuit court. Phelps v. Zinc Co., 218 Mo. 582; State ex rel. v. Duncan, 130 Mo. App. 315. (4) A court may grant any relief consistent with the case made by the evidence and embraced within the issues. Easley v. Prewitt, 37 Mo. 361. (5) A circuit court may appoint a receiver in vacation without notice and there is no "hard and fast" rule as to when this may be done. Railroad v. Wear, 135 Mo. 261. (6) When such action is taken an early day should be fixed for defendant to show cause why the order should not be continued. Railroad v. Wear, 135 Mo. 261. (7) It is not necessary to use any special formula in a pleading. It is sufficient if the facts appear substantially stated in any words. Storage Moving Co. v. Harding, 126 Mo. App. 492.

NIXON, P. J.—This appeal is from an order overruling a motion of the defendant, Billings Mercantile Company, to vacate an order appointing a receiver to take charge of the said defendant's property, said order having been made in vacation by the judge of the circuit court of Christian county on the 8th day of October, 1910, the day the petition was filed. The petition upon which said order was made is as follows: (Caption omitted.)

"Plaintiffs state that the Billings Mercantile Company is a corporation, duly organized under the laws

of the State of Missouri, and until about the first day of August, 1910, was engaged in the mercantile business, at Billings, in Christian county, Missouri; that recently before said last mentioned date, at a meeting of the stockholders of said corporation, at which there were present stockholders holding more than two-thirds in value of all the stock of said corporation, there was introduced and passed by said stockholders a resolution favoring a dissolution of said Billings Mercantile Company; that immediately thereafter the directors of said corporation, assuming to act for and in behalf of its stockholders, proceeded to sell and dispose of its stock of merchandise, furniture and fixtures, at retail and in bulk, and to close up the business of said corporation; that pursuant to the purposes aforesaid the directors of said corporation appointed and selected Joseph Meyer as the manager and agent of said corporation to collect the debts and accounts due and owing to it and to pay out and disburse the moneys of said corporation; that the said Joseph Meyer is proceeding to collect the assets of said corporation and is paying out such assets to persons wholly unauthorized to receive the same by reason whereof the assets of said corporation are rapidly becoming depleted, squandered and wasted.

"Plaintiffs further state that in his lifetime, R. D. Blades was the owner of twenty shares of the capital stock of said corporation, of the par value of one hundred dollars per share; that the said R. D. Blades shortly before his death and during his last sickness, while mentally irresponsible on account of the infirmities of extreme age and from the influence of strong opiates administered at frequent intervals for weeks prior thereto, one Joseph Meyer, the then manager and principal stockholder in the defendant company, without solicitation, or invitation so to do, from any person interested therein secretly and fraudulently wrote out and caused to be signed, by mark, the name of R. D.

Blades, the owner thereof, on the back of the certificates
of stock of the quantity and value aforesaid, transfer-
ring to his then wife, Mary E. Blades, the earnings of
said stock during her natural life; that the said Joseph
Meyer after procuring the signature of said R. D. Blades
in the manner aforesaid kept and carried away and
retained said certificates of stock until after the death
of the said R. D. Blades after which he delivered them
to the said Mary E. Blades, the defendant.    Plaintiffs
say that said pretended transfer of the earnings of
said stock as aforesaid was fraudulent, invalid and
conveys to the transferee, Mary E. Blades, no interest
whatsoever for the reason that the said R. D. Blades
was at the time of the alleged assignment of the earn-
ings of said stock to the said Mary E. Blades wholly
incapacitated by reason of his age, sickness and opiates
to him administered and under the influence of which
he was at the time and on account of his being at the
time of unsound mind and entirely unable to com-
prehend or know the kind or nature of his acts or to
comprehend in the slightest degree the simplest kind of
a contractor business transaction.

"Plaintiffs further state that they are the heirs
at law of R. D. Blades, who died intestate about De-
cember —, 1901; that the estate of the said R. D. Blades
has been fully administered and that there are no debts
outstanding against his said estate.

"That they are the owners of the said shares of
stock and earnings of same; that so far as plaintiffs
are informed and believe the present value of the said
stock aggregates the sum of $3700.

"Plaintiffs further state that they are informed
and believe that the said Joseph Meyer has paid to the
said Mary E. Blades the sum of $700 of the money of
said corporation without right or warrant of law and
is threatening to pay out all the assets of said corpora-
tion in violation of law, and in total disregard of the
rights and interests of the plaintiffs herein.

"That no application for a dissolution of said' corporation has been made in accordance with the provisions of section 978, Revised Statutes 1899, nor has any judgment of dissolution been had in this court, nor any authority conferred upon the president, directors or manager of said corporation to take charge of its assets and administer them as now provided by section 976, Revised Statutes 1899.

"Plaintiffs further state that by reason of the fraudulent, invalid and void transfer of the earnings of said stock of plaintiffs, the defendant corporation has knowingly and wrongfully paid the defendant, Mary E. Blades, the sum of $2380 of the moneys of these plaintiffs.

"Wherefore, plaintiffs pray judgment against the defendant corporation and the defendant, Mary E. Blades in the sum of $2380 with interest thereon as allowed by law.

"Plaintiffs further pray that the court appoint a receiver to take charge of the business, property and effects of said corporation and to collect, sue for and recover the debts and demands that may be due and the property that may belong to said corporation, and to take charge of, lease and rent all real estate belonging to said corporation, collect rents therefor and make such disposition thereof from time to time as may be ordered by the court.

"Plaintiffs further pray for such other and further orders, decrees and judgments touching the premises herein as to the court may seem meet and proper and for such further relief as plaintiff may be entitled to in equity and good conscience."

The order appointing a receiver was made on the allegations of the petition alone, without affidavits in its support, except the verification of the petition by one of plaintiffs' attorneys, and the order was made without notice having been given to the appellant.

The appellant's motion to vacate said order charges (1) that said receiver was appointed without authority of law; (2) that the court had no jurisdiction to appoint such receiver; (3) that said receiver was appointed without notice to the defendants, on an ex parte presentation of the plaintiffs; and (4) that said appointment of said receiver was made ex parte, on an alleged petition which states no grounds or reasons for such appointment with or without notice, and states no cause of action against this defendant.

This motion was overruled and the appeal to this court was duly perfected.

Appellant's principal contention is that the petition filed in the circuit court wholly fails to allege that respondents sought or were refused redress for their grievances within the corporation itself, or that its officers and managers were given any opportunity to make matters right, or that they failed or refused to recover the sums alleged to have been misappropriated, or to grant respondents all their rights.

The petition alleges that the stockholders passed a resolution favoring a dissolution of the corporation, but that no formal dissolution was had; that they proceeded (a) to sell and dispose of the stock of merchandise, fixtures and furniture and to close up the business, and (b) to appoint one Joseph Meyer as manager and agent to collect the debts and disburse the moneys of the corporation. Thus far, nothing unlawful is alleged. But the petition recites: "And the said Joseph Meyer is proceeding to collect the assets of said corporation and is paying out such assets to persons wholly unauthorized to receive the same by reason whereof the assets of said corporation are rapidly becoming depleted, squandered and wasted. Plaintiffs further state that they are informed that the said Joseph Meyer has paid to the said Mary E. Blades the sum of $700 of the money of said corporation without right or warrant of law and is threatening to pay out all the assets

of said corporation in violation of law, and in total disregard of the rights and interests of the plaintiffs herein." It is apparent that if Joseph Meyer was paying money to unauthorized persons, the presumption is that he was doing it contrary to the wishes of the managers and directors. They certainly did not appoint him for that purpose, but appointed him to collect the accounts and disburse the money. The allegations are to the effect that Joseph Meyer is exceeding his authority as agent by paying out the assets unlawfully. This is distinctly the act of Joseph Meyer, with no allegation that he is acting with the knowledge or consent of the defendant. There is nothing in the petition to negative the perfect good faith of the corporation and its directors and officers. The unlawful acts complained of—the squandering of the assets—affected other stockholders as well as the respondents.

The power to appoint a receiver is a delicate one, especially when invoked upon interlocutory ex parte applications, and should be exercised with extreme caution, and only under circumstances requiring summary relief or where the court is satisfied that there is imminent danger of loss, lest the injury thereby caused be far greater than the injury sought to be averted. It should never be exercised in a doubtful case. One of the grounds upon which a receiver may be appointed is that there is no other adequate remedy; the appointment will never be made where there is another safe or expedient remedy, or where the court can find another and less stringent means of protecting the rights of the parties, and this in some cases has seemed to be a part of or corollary to the rule that in the exercise of judicial discretion upon the application for the appointment of a receiver, the appointment will not be made except in the case of imperative necessity. [34 Cyc. 21-25.] Judge LAMM in discussing this question in the case of State ex rel. v. Peoples' United States Bank, 197 Mo. l. c. 598, 94 S. W. 953, quoting from another case, said:

" 'And the appointment of a receiver and a sequestration of the corporate property would suspend the functions of the corporation and virtually operate as an annihilation of corporate rights. These are persuasive reasons why courts should act with great caution, and not take the management of the concerns of corporations out of the hands of directors and managers, to whom the law has intrusted it, except in cases of urgent necessity'—a necessity characterized elsewhere as 'extreme.' "

The plaintiff's petition in this case should have alleged that an effort was made to obtain redress within the corporation itself. In theory of courts of equity, the directors of a corporation are its trustees. [Albers v. Merchants' Exchange, 45 Mo. App. l. c. 218.] In the case just cited, the court said: "It is, therefore, a settled principle of equity jurisprudence, that before a court of equity will open its doors to a single stockholder, although he comes, as he must, not only on behalf of himself but also in behalf of all the other stockholders, to an inquiry into grievances of this kind, he must show that there is no other road to redress; and he does not show this unless he shows that all remedies within the corporation itself have been exhausted. . . . But a request to the directors to bring the appropriate action is not the only mode by which the shareholder may obtain redress through the appropriate corporate action. In many cases it will not be enough for him to show that he has made such a request and that it has been refused; but he must exhibit a state of facts, from which the court can conclude that he has exhausted all reasonable efforts to induce redress through an action in the corporation itself. . . . Moreover, when he brings a suit in equity to redress grievances which ordinarily can be redressed alone in an action brought by the corporation, his bill must set forth in detail the efforts made by him to secure on the part of the corporation the desired action, or it will be

dismissed." In the case of Loomis v. Mo. Pac. Ry. Co., 165 Mo. l. c. 489, 65 S. W. 962, the following language of Mr. Justice MILLER in Hawes v. Oakland, 104 U. S. 450, is approvingly quoted: "But, in addition to the existence of grievances which call for this kind of relief, it is equally important that, before the shareholder is permitted, in his own name, to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court, that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated, effort with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits, or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders, as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it. The efforts to induce such action as complainant desires on the part of the directors, and of the shareholders when that is necessary, and the cause of failure in these efforts should be stated with particularity."

It seems to us, under these authorities, there can be no doubt as to the duty of this court upon the showing made. The order of the trial court, refusing to vacate its order appointing the receiver, is reversed and the cause is remanded with directions to the trial court to set aside its order appointing the receiver. All concur.