## S. C. POPHAM, Respondent, v. W. N. SLOAN, Appellant.

**Springfield Court of Appeals, April 24, 1917.**

1. **PARTNERSHIP: Receivers: Property.** A receiver will not be appointed in partnership cases, unless there is some property belonging to the firm on which the court through the receiver will lay hands.

2. ———: ———: ———: **Evidence.** Evidence in suit based on alleged partnership relation of parties, *held* not to show, what is necessary for appointment of receiver, ownership by the firm of any property which a receiver could take charge of.

Appeal from the Pemiscot Circuit Court—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. S. Gossom* and *C. G. Shepard* for appellant.

The evidence in this case clearly fails to show a co-partnership formed between plaintiff and defendant, therefore, this action cannot be maintained, even did the petition state facts sufficient to warrant the appointment of the receiver by the court. A. Graff Distilling Co. v. Wilson, 172 Mo. App. 612; Miller v. Peppeling, 185 Mo. App. 22; Spurlock v. Wilson, 160 Mo. App. 14; Willoughby v. Hildreth, 182 Mo. App. 180; Mingus v. Bank of Ethel, 136 Mo. App. 407. The law never presumes the existence of a co-partnership, but requires those who assert its existence, especially between themselves, to prove its existence, by the clearest and most positive evidence. Chaplin v. Cherry, 243 Mo. 375; Smith v. Shotliff, 169 Mo. App. 66; Brown v. Houchin, 154 Mo. App. 261. The testimony of plaintiff, Popham, that (it was

a co-partnership business), is not a statement of a fact, but a mere legal conclusion of the witness, and as such has no probative force whatever and is not to be considered as any proof of the existence of facts necessary to establish the partnership relation. Ellis v. Brand, 176 Mo. App. 383.

*B. L. Guffy, J. E. Duncan* and *J. R. Brewer* for respondent.

FARRINGTON, J.—This suit was instituted by respondent against appellant alleging the existence of a partnership between them and asking that a receiver be appointed to take charge of the partnership property. The court after hearing testimony on this question made the appointment. Defendant thereupon filed a motion to vacate the order appointing a receiver. This motion was taken up and evidence was heard for both sides, after which the court overruled defendant's motion to vacate. A motion for a new trial was filed and overruled and the appeal is here on that phase of the case.

Appellant contends that the refusal of the circuit court to vacate its order appointing a receiver was error.

The evidence is uncontroverted that Sloan, the defendant, had been the agent of the Trenholm-Kolp Company, a firm of commission merchants at Memphis, Tenn., for over a year and had been buying hay and other produce as such agent, receiving as compensation a commission of fifty cents per ton on hay bought for such commission concern.

It is undisputed that the plaintiff Popham came to defendant and notified him that one Greenwell, a farmer, owned several hundred tons of hay which could be purchased at $10 per ton, and that plaintiff and defendant went to Greenwell's farm and contracted with him to buy his hay at that price, to be paid for when the hay was loaded and shipped out. It is uncontradicted that about three hundred tons of this hay was shipped to the Memphis commission concern for whom defendant was an agent, and that at the time of the commencement of this suit there were fifty tons of the hay contracted

for still in Greenwell's possession. It is also undisputed that Sloan gave his checks to Greenwell for the hay as it was shipped out, and that he would then immediately draw a draft on the Memphis concern and attach it to the bill of lading, thus drawing on the commission concern for the money actually paid by him to Greenwell.

.     It is testified by defendant and by a member of the commission concern that defendant telephoned the commission concern that he could buy this hay from Greenwell, and that he was instructed to go ahead and contract for the hay at $10 per ton; and both also testified that the compensation coming to defendant from the commission concern was fifty cents per ton, no part of which had been paid when this suit was begun or in fact at the time of the trial, it being stated by them that the commission of fifty cents per ton would be paid when all the hay was shipped.

Sloan testified that he was merely the agent of the commission concern buying produce for them, and that when plaintiff came to him and informed him of the Greenwell hay he told plaintiff he would give him half of his commission, which was fifty cents per ton, and that that being agreed upon they went to Greenwell's farm and contracted to purchase the hay.

Plaintiff testified that there was a partnership formed between himself and Sloan and that they contracted this hay as a firm at $10 per ton and that hay had advanced in price and been sold by the defendant (all except fifty tons which was then in the possession of Greenwell) and that he had not received his part of the profit alleged to have been derived from the sale of about three hundred tons. It is therefore the contention of the plaintiff that a partnership was formed between them and that the firm was entitled to all over $10 per ton realized from the sale of the hay, and that the hay still in Greenwell's possession belongs to the firm and that it was proper for a receiver to take charge of this property for the firm.

Sloan had paid Greenwell for the fifty tons yet in his possession, but he testified and so did the member

of the commission concern that this was paid with the commission concern's money and bought for the commission concern.

It is well settled that a receiver will not be appointed in partnership cases unless there is some property belonging to the firm which the court through the receiver will lay hands upon. [Price v. Banker's Trust Co. of St. Louis (Mo.), 178 S. W. 745; State ex rel. Merriam v. Ross, 122 Mo. 435, 25 S. W. 947; Blades v. Billings Mercantile Co., 154 Mo. App. 350, 134 S. W. 579.]

The trouble with plaintiff's contention, if there is evidence showing that a partnership was formed which we do not decide, is that the evidence entirely fails to show that there is any property a receiver could take charge of for such firm. He admittedly does not know what arrangement Sloan made with the commission concern. It is shown that that concern furnished all the money that went to buy all this hay, and it is admitted that title did not pass from Greenwell until the hay was paid for; and the uncontradicted testimony of defendant and the member of the commission concern is that the fifty tons of hay which the plaintiff now asks that a receiver take charge of was paid for by the commission concern. Plaintiff admits that he never put up any money with which to purchase any of the hay from Greenwell nor does he know whether Sloan obtained the money that was paid Greenwell nor does he deny that it was the commission concern's money that was actually paid for this hay. If there was a partnership formed between plaintiff and defendant, the latter had a right as a partner to sell this hay to the commission concern for $10 per ton and to receive as the firm's compensation fifty cents per ton.

Upon this undisputed testimony we fail to see how Sloan's partner could have a receiver appointed for the firm to take charge of the hay that had been bought and paid for by the commission concern.

If Sloan formed a partnership with plaintiff and misrepresented what the partnership should get for the hay or the manner in which it would be handled, such

misrepresentation could not give plaintiff as one of the partners a right to interfere with the property of a third party who had dealt with one of the partners in a matter within the scope of the partnership business. He might have a right to a dissolution and an accounting under such a state of facts but where there is a failure, as here, to show that there is any property of the partnership in existence that a receiver can take hold of, a receiver should not be appointed. It is admitted by defendant and the commission concern that it owes to Sloan, with whom the contract for the hay was made, fifty cents per ton commission. This, however, is not due from the commission concern until the hay is delivered according to the evidence, and it has not been paid to defendant, and there is no claim made by the defendant that Popham is not entitled to half of such commission when the same is received from the commission concern. Plaintiff testified with reference to the deal with the commission concern that what he knew about it was what Sloan had told him. He also testified: "As a general thing, I would come down with the parties, bringing the scale receipt and Mr. Sloan would give his individual check for the hay and would turn right around and write a draft, a draft with the bill of lading attached with shipper's orders and give it back to Trenholm-Kolp Company" the commission concern. Thus, the most that can be said of plaintiff's evidence is that he might have some remedy based upon a misrepresentation made by Sloan, but his evidence fails to show any ownership of the partnership in the hay in Greenwell's possession or any firm property that a receiver could take charge of.

The facts we have stated can be clearly distinguished from those of the case of Torbert v. Jeffrey, 161 Mo. 645, 61 S. W. 823. There it was shown that one of the partners paid for the apples with his own money which the other partner claimed was a part of his contract to do. The apples were stored and there was no claim that they had been disposed of or belonged to a third party.

We hold that the circuit court erred in refusing to vacate the order appointing a receiver and reverse the

judgment and remand the cause with directions to enter an order sustaining defendant's motion to vacate. *Cox, P. J.,* and *Sturgis, J.,* concur.