STATE ex rel. GEORGE T. PRIEST, Relator, v. JOHN W. CALHOUN, Judge, Respondent.

St. Louis Court of Appeals.    Opinion Filed November 24, 1920.

1. PROHIBITION: Stranger to Action: Not Barred From Right to Writ. The fact that the relator is a stranger to the action below does not bar him from his right to obtain an writ of prohibition restraining the trial judge from proceeding further therein.

2. ———: Receivers: Appointment: Motion to Vacate: Not Necessary as Condition Precedent to Right to Writ. Nor is it necessary that the relator, as a condition precedent to his right to the granting of the writ of prohibition to restrain further receivership proceedings, should have moved to vacate the appointment of the receiver in the court appointing such receiver, where the excess of jurisdiction clearly appears on the face of the record.

3. RECEIVERS: Appointment: Provisional Remedy: Exceptions. The appointment of a receiver is not the end and object of litigation, but merely a provisional remedy resorted to for the purpose of preserving property involved in litigation, so that the relief awarded by the court, if any, may be effectual, except that courts of 'equity have jurisdiction to appoint receivers' for corporations even in the absence of express statutory authority, in cases of extreme necessity for which there is no other adequate remedy.

4. CORPORATIONS: Temporarily Without Officers: Receivers: Not Ground for Appointment Unless Condition of Extreme Necessity. A court of equity has no jurisdiction to appoint a receiver for a going corporation upon allegations alone showing that the corporation is temporarily without officers and directors, unless it

appears that the circumstances are such that the condition thus alleged to exist is one amounting to a condition of extreme necessity for which the complainants have no adequate remedy; *a fortiori* would this be true where the petition, though averring that the corporation is without officers and directors, upon its face shows that the complainants are in control of a majority of the stock of the corporation, and hence in a position to remedy the matter without invoking the extraordinary power of a court of equity.

5. **PROHIBITION: Awarding Writ: Matter Within Sound Discretion of Court.** The awarding of a writ of prohibition is a matter within the sound discretion of the court, yet such discretion is not an arbitrary one.

6. ————: **Receivers: Appointment: Action of Court Beyond its Jurisdiction: Writ Awarded.** The appellate court cannot, upon the sole ground of discretion in the trial court in appointing a receiver for a corporation, refuse the relief sought by relator when it appears that relator is materially affected by the action of the court, which action, is clearly beyond its jurisdiction.

ORIGINAL PROCEEDING IN PROHIBITION.

PRELIMINARY WRIT MADE ABSOLUTE.

*George T. Priest, pro se.*

*Smith & Pearcy, Leo S. Rassieur,* and *William H. Schaumberg* for respondent.

BECKER, J.—This is an original proceeding in prohibition seeking to restrain and enjoin the defendant judge from proceeding further in the case of John H. Conrades, et al., v. Blue Bird *Appliance* Company pending in the circuit court of the city of St. Louis, in which case the respondent judge has heretofore, at the relation of said Conrades, et al., appointed a receiver for the defendant, Blue Bird *Appliance* Company. A preliminary rule in prohibition has heretofore been issued in this case.

It appears that on May 25, 1920, John H. Conrades, Thomas Mellow and Ben J. Brinkmann were by the cir-

cuit court of the city of St. Louis appointed receivers of a certain corporation known as the Blue Bird *Manufacturing* Company, and that said receivers took charge of all of the assets of the said company under their powers as receivers of said company, and that amongst said assets were fifty-one per cent of all of the capital stock of a corporation known as the Blue Bird *Appliance* Company, a Missouri corporation.

On June 19, 1920, said John H. Conrades, Thomas Mellow and Ben G. Brinkmann, as receivers of the said Blue Bird *Manufacturing* Company, and as such owners of fifty-one per cent of the capital stock of the Blue Bird *Appliance Company,* filed a suit in the circuit court of the city of St. Louis wherein said receivers asked for the appointment of a receiver for the said Blue Bird *Appliance* Company, and upon the same day a temporary receiver was duly appointed and qualified. Thereafter the court, on August 20, 1920, appointed a permanent receiver upon the giving of a bond in the sum of $25,000, which bond was on the same day filed, presented and approved by the court, since which time the judge of the circuit court, respondent here, has retained jurisdiction of the said case continuously, and the receiver, since the date of his appointment as permanent receiver and up to the time of the filing of the application for a writ of prohibition herein, has continued in charge of and in control of the property of the said Blue Bird *Appliance* Company.

The main allegations set out in the petition of the said Conrades, et al., receivers of the Blue Bird *Manufacturing* Company, and as such holders of fifty-one per cent of the capital stock of the Blue Bird *Appliance* Company, in which petition the appointment of a receiver for the said Blue Bird *Appliance* Company is sought (as appears from the respondent's return herein) are:

"A. The plaintiffs in said cause were stockholders owning $5100, par value of the capital stock of the de-

fendant corporation whose total capital was $10,000, and were also creditors to the extent of approximately $450,000.

"B.    That the assets of the defendant corporation located in various states were being subjected to attachments suits, levies and other forms of waste, and that all of said assets were in, danger of being utterly destroyed and dissipated.

"C.    That all of the directors, officers, managers and executives of the defendant company had on the 17th day of June, 1920, resigned and abandoned the property and assets of the defendant corporation, and defendant corporation was without any officers, directors, managers or executives.

"D.    That unless a receiver were appointed by the court, the value of plaintiffs' stock in the defendant corporation would be utterly destroyed, and the value of plaintiffs' claim would be utterly destroyed.

"E.    The prayer was for the appointment of a temporary receiver, on inquiry by the court into all the facts alleged, the appointment of a permanent receiver and for all general and equitable relief that to the court under the circumstances might seem meet and proper."

On October 19, 1920, a petition in bankruptcy was filed in the United States District Court for the Eastern District of Missouri by certain creditors against the Blue Bird *Appliance* Company.   One of the grounds of alleged bankruptcy of the said Appliance Company set forth in the bankruptcy petition is the appointment of a receiver for the said Blue Bird *Appliance* Company in the cause of Conrades, et al., v. Blue Bird *Appliance* Company, above mentioned.

The facts as outlined above appear from a reading of the relator's application for a writ of prohibition herein.    Such application contains the further averment that the relator is a creditor of the said Blue Bird *Appliance* Company in the principal sum of $7500; that by the exercise of due diligence he has attempted to perfect a lien by attachment proceedings in favor of the debt

owed him by the Blue Bird *Appliance* Company; that the proceedings instituted by the creditors of the Blue Bird *Appliance* Company in the United States District Court for the Eastern District of Missouri were designated by said creditors to defeat said lien of relator. Relator further avers that he is interested in defeating the proceedings in bankruptcy above referred to, but that he cannot, in said bankruptcy proceedings, attack the appointment of a receiver for the Blue Bird *Appliance* Company by the said circuit judge for such attack would be collateral and that the only course left open to him is to question the jurisdiction of said circuit judge in said cause in direct proceedings. Relator further avers that the said circuit judge was without authority and jurisdiction in the said suit of Conrades, et al., v. Blue Bird *Appliance* Company, to appoint a receiver for the Blue Bird *Appliance* Company, and that said want and lack of jurisdiction appears upon the face of the petition filed in said cause of said Conrades, et al., and that by reason thereof the relator is entitled to a writ of prohibition directed to the said circuit judge, restraining and enjoining him, the said judge, from proceeding in said cause of Conrades, et al., v. Blue Bird *Appliance* Company.

Among the matters set up in respondent's return to the preliminary rule heretofore issued herein to show cause why a permanent writ of prohibition should not be issued, is found an epitome of the material allegations in the petition filed by plaintiff in the case of Conrades, et al., v. Blue Bird *Appliance* Company, which epitome we have already hereinabove set out. The return further shows that the relator herein is not a party to the said suit of Conrades, et al., v. Blue Bird *Appliance* Company; that the relator had been an officer and director of the said Blue Bird *Appliance* Company up to the 18th day of June, 1920, on which date the said relator together with the other officers and directors of the company resigned as officers and directors; that the relator in addition to being an officer and director of

the *Appliance* Company had also acted as one of the counsel for Conrades, et al., as receivers for the Blue Bird *Manufacturing* Company from the date of their appointment on the 25th day of May, 1920, until the 18th day of June, 1920, on which date he resigned as such counsel in open court; that on the following day the relator filed a suit in attachment against the *Appliance* Company in the State of Massachusetts and on the 25th day of June, 1920, filed a second suit in attachment in the State of Ohio based on the same claim for services. The return further shows that on the 18th and 19th days of June, 1920, and for a long time prior thereto, the stockholders in the Blue Bird *Manufacturing* Company were but five in number, namely, F. E. Hazard, I. A. Shulherr, R. G. Yost, the relator George T. Priest (holder of one share of stock) and the Blue Bird *Manufacturing* Company (holder of fifty-one per cent of the stock of the company), and that said persons and said corporation comprise all of the stockholders of the *Appliance* Company up to the present time; that from the 25th day of May, 1920 on, and until the 18th and 19th days of June, 1920, the certificates of stock in the Blue Bird *Appliance* Company belonging to the Blue Bird *Manufacturing* Company were in the custody of and belonged to the said John H. Conrades, Thomas Mellow and Ben G. Brinkmann, receivers of the said Blue Bird *Manufacturing* Company, plaintiffs in the receivership action against the *Appliance* Company.

The return further sets up that Hazard, Schulherr and Yost immediately after resigning as officers and directors of the Blue Bird *Appliance* Company left the city of St. Louis, leaving as the only stockholders of the Blue Bird *Appliance* Company in St. Louis, the relator and the said Conrades, Mellow and Brinkmann, receivers of the Blue Bird *Manufacturing* Company. The return further sets up that there has been filed in the receivership matter below two intervening petitions by creditors aggregating over $20.000, and that the receiver

appointed in said suit has in his control assets of a "fair money value of $500,000."

In light of these facts respondent urges that the circuit court rightfully assumed jurisdiction in the first instance and has been rightfully exercising jurisdiction ever since, and that the preliminary rule heretofore issued herein should be discharged.

## I.

Respondent here urges that the relator not being a party to the suit below in which he is seeking to obtain a writ of prohibition restraining the trial judge from proceeding further therein has no standing in this court.

This question has long since been determined adversely to respondent's contention. The fact that the relator is a stranger to the action does not bar him from his right to the writ. Such at least has been the rule in this State since the early case of Thomas v. Meade, 36 Mo. 233, l. c. 247, where the court speaking through Judge HOLMES says:

"The writ of prohibition is granted at the instance of any one of the parties to the suit below, plaintiff or defendant, and even by a stranger (2 Inst. 602; 6 Com. Dig. 105); and because they deal in that which does not appertain to the jurisdiction of the court. [2 Inst. 607.] Indeed, the authorities are endless, and place the subject beyond all dispute. [2 Sel. 308; 6 Com. Dig. 105, 140; 6 Bac. Abr. 579, 600; Full v. Hutchins, Cowp. 424; Buggin v. Bennett, 4 Burr, 2035.]" [See, also, State ex rel. West, et al. v. Clark County Court, et al., 41 Mo. 44, l. c. 49; Trainer v. Porter, J., 45 Mo. 336, l. c. 340.]

## II.

Nor is it necessary, as contended by respondent, that the relator, as a condition precedent to his right to the granting of a writ of prohibition herein, should have moved to vacate the appointment of the receiver in the court appointing such receiver where the excess of jurisdiction clearly appears on the face of the record. [State

ex rel. American Land & Baryta Co. v. Dearing, 184 Mo. 647, l. c. 665. 84 S. W. 21; State ex rel. Young v. Oliver, 163 Mo. 679, l. c. 696, 64 S. W. 128; State ex rel. St. Louis & K. R. Co. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961; State ex rel. Brewing Co. v. Eby, 170 Mo. 497, 71 S. W. 52.]

## III.

Having in mind the general rule that the appointment of a receiver is not the end and object of litigation, but merely a provisional remedy resorted to for the purpose of preserving property involved in litigation, so that the relief awarded by the court, if any, may be effectual (State ex rel. Merriam v. Ross, 122 Mo. 435, 25 S. W. 947; Miller v. Perkins, 154 Mo. 629, 55 S. W. 874) does the petition filed below by the receivers of the Blue Bird *Manufacturing* Company, as holders of fifty-one per cent of the stock of the Blue Bird *Appliance* Company, contain allegations of fact sufficient to confer jurisdiction upon a court of equity solely for the appointment of a receiver, and not ancillary to other relief sought therein, for a going corporation? In other words do the facts alleged in the petition bring the case within the exception to the foregoing general rule, namely, that courts of equity have jurisdiction to appoint receivers for corporation even in the absence of express statutory authority, in cases of extreme necessity, for which there is no other adequate remedy? [See 4 Pomeroy, Equity Jurisprudence (4 Ed. 1918), p. 3630, sec. 1645, (old sec. 124); High on Receivers (4 Ed. 1897), p. 455; Tardy's Smith on Receivers (2 Ed. 1920), p. 717; 1 Clark on Receivers (1918), p. 233.]

To the principle that a receiver may be appointed in cases of extreme necessity, for which there is no other adequate remedy, our Supreme Court, speaking through Judge MacFarland, in Thompson v. Greely, 107 Mo. 577, l. c. 587, 17 S. W. 962, says:

"It is no reason against the jurisdiction of the courts when equity alone can grant adequate relief and

protection to stockholders and creditors. These authorities, we think, recognize the jurisdiction but limit its exercise to cases of extreme necessity. . . .''

And in Ford v. K. C. A. Y. Short Line Ry. Co., 52 Mo. App. 439, l. c. 448-49, in speaking on the subject it is said:

''As to the power of courts of equity to appoint a receiver of a corporation in the absence of statutory authority, there seems to be a great diversity of opinion existing between many of the courts and the elementary writers on equity jurisprudence, and were it not for the very able opinion of Judge MacFarland in 107 Mo., supra., affirming the existence of this jurisdiction, we should have been greatly inclined to doubt it. The ruling there made is conclusive upon us.''

Neither the elementary text writers, when the full context on the suject is read, nor the adjudicated cases sustain the view that a court of equity has jurisdiction to appoint a receiver for a going corporation upon allegations alone showing that the corporation is temporarily without officers and directors *unless* it appears that the circumstances are such that the condition thus alleged to exist is one amounting to a condition of extreme necessity for which the complainants have no other adequate remedy. A *fortiori* would this be true where the petition, though averring that the corporation is without officers and directors, upon its face shows that the complainants are in control of a majority of the stock of the corporation and hence in a position to remedy the matter without invoking the extraordinary power of a court of equity.

In the recent case of Price v. Bankers' Trust Company of St. Louis, —Mo.—, 168 S. W. 745, apropos of this question, it is said:

''It is also fundamental that this hand of the court will be laid upon property of the owner and that owner evicted from possession thereof only to prevent irreparable injury or to prevent justice from being de-

feated (State ex rel. v. McQuillin, 260 Mo. 164, 168 S. W. 924), and only when there is no other adequate remedy (Blades v. Billings, etc., Co., 154 Mo. App. 350, 134 S. W. 579; Alderson on Receivers, 487). It is also settled, if not fundamental, that this great power of disturbing the possession of the true owner, or of him who is entitled to the possession, ought to be exercised with extreme caution and ordinarily only in cases of imminent danger of loss, or of damage or of miscarriage of justice. [Blades v. Billings, etc., Co., supra; Alderson on Receivers, 487.] In the excellent treatise of Mr. Alderson, at page 487, surpa, these views are tersely expressed thus:

'It may be stated as a general proposition that where, from any cause, the property of a corporation is exposed to imminent peril, or where it is necessary to protect the interests of stockholders and creditors by the appointment of a receiver, and there is no other adequate remedy, a court of equity has inherent power to appoint a receiver and take charge of the property and affairs of the corporation for the purpose of preserving the assets and protecting the interests of stockholders and creditors. The exercise of such jurisdiction over corporations must be most sparingly and cautiously exercised, and only in cases of extreme necessity.' "

. . .

"Going back to the first and fundamental principles with which, as a basis for this discussion, we premised the case, we see that there are other adequate, full, complete, and direct remedies for this situation: . . . So, there is in every case present that other adequate remedy and lack of extreme necessity which ordinarily precludes a receivership. [State ex rel. v. Peoples United States Bank, 197 Mo. l. c. 598, 94 S. W. 953; Blades v. Billings Co., 154 Mo. App. 350, 134 S. W. 579; Thompson v. Greely, 107 Mo. 587, 15 S. W. 962.]

"In this view we are mindful of the statute (sec. 2018, Revised Statutes of Missouri, 1909) which rele-

gates the appointment of a receiver to the discretion of the judge or court *nisi* by providing that such court or judge 'shall have power to appoint a receiver, when such appointment shall be deemed necessary.' This statute is but declaratory of the rule and practice which had long prevailed in equity before the enactment of the statute. This discretion thus lodged in the courts or judges is a sound judicial discretion 'to be exercised for the promotion of justice where no other adequate remedy exists.' [High on Receivers, 7] . . . ."

Do then the circumstances outlined in the petition below make out a case of such extreme necessity, for which there is no other adequate relief, that equity alone can grant adequate relief? We think not. It affirmatively appears that the petitioners below, three in number, were the receivers of the Blue Bird Manufacturing Company and as such receivers held fifty-one per cent of the total capital stock of the Blue Bird *Appliance* Company. The relator herein, George T. Priest, was the owner and holder of one share of the capital stock of said *Appliance* Company on the day when the officers and directors of that company resigned, and also on the following day thereafter when the receivers for the Manufacturing Company filed their receivership petition, and was present in St. Louis at that time. No action whatsoever was taken by the said receivers of the Blue Bird *Manufacturing* Company, though they were the owners and holders of fifty-one per cent of the stock of the Blue Bird *Appliance* Company, toward calling a special meeting of the stockholders for the election of a new board of directors though such action is specifically provided for by our statutes. [Secs. 2964-5-6, Revised Statutes of Missouri, 1909.] The petition thus clearly fails to exhibit a state of facts from which a court of equity could conclude that the petitioners had exhausted all reasonable efforts to induce corporate action, but on the contrary conclusively shows that no action whatsoever was taken on the part of these same

receivers holding fifty-one per cent of stock, toward calling a special stockholders' meeting, or otherwise, but contented themselves, on the very next day succeeding that on which the officers and directors of the company had resigned, with seeking the aid of a court of equity to appoint a receiver though the statutes specifically provide a method of procedure under such circumstances. And it will be noticed that whatever proper amendments could be made to the petition below, these salient and determinative facts in the case could not be affected thereby. And said receivers of the Blue Bird Manufacturing Company did not seek the temporary appointment of a receiver until such time as an election of directors of the corporation could be held, but sought the appointment of a permanent receiver for the mere purpose of administering the business affairs of the corporation. The appointment of a receiver was a drastic step fraught with many possible dangers as may be witnessed in the instant case where the very appointment of the receiver, upon the petition of the receivers of the Blue Bird *Manufacturing* Company, is now being urged by certain creditors in an application to have the Appliance Company adjudged a bankrupt, as one of the grounds therefor.

While we are mindful of the fact that the awarding of a writ of prohibition is a matter within the sound discretion of the court, yet such discretion is not an arbitrary one, and holding the view as we do that it is but in rare instances when the extreme circumstances of the case may be justly said to necessitate the appointment of a receiver for a corporation even for a limited period of time, and then only until the exigencies creating the immediate need therefor shall have passed, or the corporation itself, through the action of the court or the stockholders thereof, is again in a position to assume the conduct of its affairs, we cannot in the instant case, upon the sole ground of discretion in this court, refuse the relief sought for by relator when it appears that relator is materially affected by the action of a court, which

action, in our view, under the facts and circumstances of this case, is clearly beyond its jurisdiction.

It is therefore ordered that the preliminary rule in prohibition be made absolute. *Reynolds, P. J.,* and *Allen, J.,* concur.