## HACKLER et al. v. FARM & HOME SAVINGS & LOAN ASS'N et al.
### No. 2447.

District Court, W. D. Missouri, W. D.
Feb. 28, 1934.

Sam M. Wear, of Springfield, Mo., and R. M. Sheppard, William L. Vandeventer, Walter W. Calvin, Bert S. Kimbrell, and Phineas Rosenberg, all of Kansas City, Mo., for plaintiffs.

Cyrus Crane and John H. Lathrop, both of Kansas City, Mo., and Boyd Ewing and Lynn M. Ewing, both of Nevada, Mo., for defendants.

REEVES, District Judge.

The complainants in this case on specified grounds have asked for the appointment of a receiver to wind up the affairs of the association, sell its assets, and distribute the proceeds as varied and multiple interests might require.

The defendants have moved to dismiss the bill upon the grounds that the complainants do not enjoy or possess the right to maintain the action, and that, moreover, jurisdiction of the subject-matter is vested in a state court.

The complainants are shareholders of the codefendant Farm & Home Savings & Loan Association, a corporation, organized under the provisions of chapter 35 (sections 5576–5628), R. S. Mo. 1929, relating to the subject of building and loan associations. The complainants acquired their stock, or shares, in the year 1923.

In the year 1931 (Laws 1931, p. 141, [Mo. St. Ann. §§ 5576–5628, pp. 773–813]), the General Assembly of the state of Missouri revised the building and loan association laws of the state by imposing additional requirements and providing for additional regulations. Such associations are quasi public, that is, of a public character.

According to the statements of counsel, the defendant association has been but recently released from a receivership in a state court. Such receivership was had in accordance with the laws governing such associations. In a proper proceeding, the building and loan supervisor was appointed receiver, as contemplated and provided by express statute. Reorganization plans were proposed by the association and approved by the court having jurisdiction of such receivership.

Certain shareholders, including the complainants, have appealed from the decree approving said plan. This appeal is pending in the Supreme Court of the state of Missouri for review as to the validity and propriety of said plan. No supersedeas bond

612

was given on such appeal. The court, therefore, ordered the plan into effect and immediate operation. The assets of the association were thereupon restored to the board of directors of the defendant association.

■ It is the duty of the court to notice the laws of the state of Missouri.

In this case consideration will, of course, be confined to those particular enactments relating to the subject of building and loan associations. The validity of such enactments is not challenged.

■ It must be conceded that it is within the police power of the state to enact and enforce regulatory measures for the control, management, and direction of its corporate creatures. Such a power is inherent in any government. The chief object of such power is to promote the general welfare of the people. It would render such power nugatory and ineffective if the state should be unable to place appropriate restraints upon the private rights of either persons or property. These are fundamental propositions that cannot be denied. Moreover, such reasonable regulatory measures of a police nature may be enacted and promulgated at such times as the Legislature may deem proper, and private rights must always be subject to the reasonable restraints thereof without being able to assert impingement upon contractual rights.·

"It is the duty of the courts to enforce the state's police regulations enacted by the legislature in good faith and with reasonable and appropriate regard for the protection which the state owes to the life, health and property of her citizens." 12 C. J. 932, § 443.

It should be added that "the legislature is the sole judge as to all matters pertaining to the policy, wisdom and expediency of statutes enacted under the police power." 12 C. J. 932, 933, § 443; Erie R. Co. v. Williams, 233 U. S. 685, 34 S. Ct. 761, 58 L. Ed. 1155, 51 L. R. A. (N. S.) 1097.

■ The laws relating to the subject of building and loan associations enacted by the General Assembly of the state of Missouri were comprehensive both before the amendment of 1931 and thereafter. It is provided that:

"The supervisor of building and loan associations shall have charge of the execution of the laws relating to * * * building and loan associations." Section 5579, R. S. Mo. 1929 (Mo. St. Ann. § 5579, p. 774).

This is clearly the exercise of a police power, and reference should be made to the laws relating to building and loan associations, to ascertain what laws said supervisor is called upon to execute. Among other powers granted to him is a visitorial one. Under this authority, he may visit and examine extensively into the affairs of building and loan associations. Moreover, he is specifically clothed with power to correct illegal practices committed by the officers of such associations. By section 5624, R. S. Mo. 1929 (Mo. St. Ann. § 5624, p. 808), the duty is placed upon the supervisor to make full and complete examinations of all associations. The nature and character of such examinations is set out in the statute. The same section places restrictions upon the managerial methods of the association. The supervisor is fully authorized to determine what would constitute an illegal practice. In the event of illegal practices or wrongdoing on the part of the officers, the supervisor is directed by section 5626, R. S. Mo. 1929 (Mo. St. Ann. § 5626, p. 809), to discipline the officers of the association and extend to them a limited time within which "to correct any illegal practices." Failure to obey such admonition would authorize the seizure of the assets by the supervisor. In like manner, section 5627, R. S. Mo. 1929 (Mo. St. Ann. § 5627, p. 811), clothes the supervisor with authority to seize control of the association. If the facts warrant, the state through its Attorney General may proceed for the formal appointment of the supervisor as receiver under the provisions of section 5628, R. S. Mo. 1929 (Mo. St. Ann. § 5628, p. 813).

The complaint in the bill is that the plan of reorganization heretofore mentioned is void as in violation of constitutional rights. This question is now pending in the Supreme Court of Missouri.

The bill further alleges that prior to such plan of reorganization, the relation between the complainants and the association was that of creditors and debtor, and that the plan adopted changes such relationship. According to the allegations of the bill, complainants are simple contract creditors.

It is further alleged that the management of the association is now in bad hands, and that illegal and unlawful practices are being indulged.

There is an averment that these unlawful and illegal acts are dissipating the assets of the association, and that there is a partisan discrimination practiced by the officials between shareholders or creditors.

It will be observed from the foregoing that this constitutes one of the exceptional

cases where the appointment of a receiver may be made the main object of the bill.

Other facts as they may become pertinent will be stated in the course of this memorandum opinion.

■ 1. If the complainants are and were, as they allege in their bill, simple contract creditors, they would ordinarily have no right to ask for the appointment of a receiver.

The rule is that only judgment creditors, or those holding liens are entitled to ask for so drastic a remedy. There is an exception to that rule, however. It may be that the allegations of complainant's bill have brought them within such exception:

"Where the assets of an insolvent corporation which a creditor is entitled to have applied in satisfaction of his demands will probably be lost or fraudulently disposed of by improvident or corrupt officers, and the creditor has no adequate remedy at law, the order will be made." Lively v. Picton (C. C. A.) 218 F. 401; 14A C. J., § 3176, p. 957.

2. It appears from the foregoing that such proceeding is not permissible if the creditor has an adequate remedy at law.

It has been repeatedly announced that the appointment of a receiver is not strictly a judicial act. In Carey v. Giles, 9 Ga. 253, the court said in reference to the appointment of a receiver by the Governor of that state:

"It was not a case of controversy between party and party; nor is there any decree or judgment affecting the title to property; it determines no right, legal or equitable. The receiver is merely to collect, hold and disburse the assets of the bank for the benefit of all concerned; and it is in the power of the Courts to direct and control him in the proper execution of his duties."

This is supported by the Act of Congress in providing for executive receiverships in cases of national banks, and also for certain farm loan companies. See also section 23, p. 79, Tardy's Smith on Receivers, vol. I (2d Ed.); also the Missouri Insurance Code, which limits the right of appointment.

In the exercise of its police power, the sovereign state of Missouri has undertaken the supervision and regulation of building and loan associations. There has been created the office of building and loan supervisor. Such officer is clothed with express power to inquire, by full and complete examination, into the operation of each of the associations organized within the state and doing business under his supervision. He has authority to correct illegal practices, or, as an alternative, he may take over the management and control of the association. In case of insolvency, and for the purpose of enabling him to secure an adjudication upon the rights of all interested parties, he could, acting through the Attorney General and in the name of the state of Missouri, procure his own appointment as receiver. This is the remedy provided by the state under its regulatory power for the protection of the rights of all persons whomsoever.

■ Provision is made for an appropriate adjudication where a controversy arises. The building and loan supervisor is given full "charge of the execution of the laws relating to * * * building and loan associations." The complainants were chargeable with knowledge of this fact when they became shareholders or creditors of the association. Moreover, they were familiar with the inherent right of the state to modify or amend its police regulations. Such reasonable acts on the part of the state cannot be construed as changing the contract rights of the parties.

■ The complainants never acquired a right to have the assets of the defendant association administered in the federal court. Such a remedy was wholly separate and apart from the contractual rights existing between them and the association. But even if so, it could be taken away. Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143; State ex rel. v. Vandiver, 222 Mo. 206, 121 S. W. 45; Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598.

■ By becoming a shareholder of the association, the complainants never contracted away any rights in respect of administering and winding up the affairs of the association. Such a right never attached in their favor. They must have understood that it was not only within the right of the state to put restrictions upon receiverships, but the state might have enacted, as in the case of national banks and farm loan banks, a law which provided exclusively for an executive receivership.

■ Neither can it be contended that the complainants have rights equal to that of the building and loan supervisor in bringing about a receivership. It does not seem reasonable that it was the intention of the Legislature to clothe the building and loan supervisor with no greater authority than that possessed by a shareholder or a creditor. It

would be unseemly for such an officer of the state to strive in the race of shareholders and creditors to be first in point of time in asking for a receiver for the purpose of winding up its business.

The Legislature could not have had this limited purpose. We are strengthened in this view by the case of Koch v. Missouri-Lincoln Trust Company, 181 S. W. 44, 48. This was a decision by Division 1 of the Supreme Court of Missouri. In that case, two of the four judges concurred only in the result. This might be construed to limit the authoritative nature of the opinion. It is held in the opinion that the language of the Legislature in conferring upon the bank commissioner authority to execute the banking laws was a limitation on the remedy by receivership. The language of the statute there under observation was no stronger than that here considered. In reasoning on the matter, the court used this significant language:

"That the Legislature has the power to provide the method by which the affairs of banks may be wound up, and that it may designate a particular officer to initiate such proceedings, is indisputable (People v. Superior Court, 100 Cal. loc. cit. 118, 34 P. 492), and that sound policy dictates the exercise of such power by the Legislature is clear enough."

The court then quoted from Attorney General v. Continental Life Ins. Co., 53 How. Prac. (N. Y.) 22:

"His (the creditor's) power to wind it up, in which many others besides himself are interested, is only taken away. When, however, public policy and the interests of all, as well as his, demand its death, * * * the officers of the state alone can take its life and administer its assets. That this policy is better, wiser, and safer for all is most manifest. * * * Rights of stockholders and creditors who have no knowledge thereof should not be jeopardized by suits instituted by any stockholder under the Revised Statutes, and so brought for a fraudulent and wrecking purpose by collusion with the officers of the corporation, which rights can surely be imperiled if the remedies given by the Revised Statutes still exist. The temptation so to do was too great to make every stockholder and every creditor the depositary of so great a power for mischief, and hence, it seems to me that the act of 1853 wisely provided a new method of extinction and administration by which the power which gave the life is alone empowered to take it."

Judge Bond, one of the judges concurring in the result, acknowledged the right of the Legislature to restrict the appointment of a receiver in administering the affairs of a defunct corporation. He did not believe, however, that the act under inquiry was adequate for that purpose. He said:

"It is an invariable rule that the jurisdiction of equity is not dislodged by the subsequent enactment of a statute providing other methods of redress, unless such statute provides in terms for ousting the previous remedies afforded by equity."

In this case the act of the Legislature was one that inhered in sovereignty. Its language has force enough and is comprehensive enough to put a complete restraint upon the administration of the assets of building and loan associations in cases of insolvency. It is enlightening to observe the following language employed by the author of the opinion in the Koch Case, supra:

"This court has repeatedly expressed the hesitation it feels in sanctioning the stockholder's right, unhampered by statute, to sue to wind up the affairs of his corporation."

This expresses a judicial policy.

In the federal court, great restraints are placed upon a stockholder by rule 27 of the Federal Equity Rules (28 USCA § 723), which is as follows:

"Every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort."

In view of the repeatedly announced reluctance of the judiciary to sanction the right of a stockholder to sue to wind up the affairs of his corporation, the foregoing statutes and federal rule promulgated by the Supreme Court must be interpreted as a clear and distinct purpose to limit the rights of such shareholder to very narrow bounds.

It is conceivable that upon the disability of the state supervisor or his wrongful unwillingness to proceed, a shareholder might, with appropriate averments, obtain the favorable consideration of a chancellor. Such was the intimation in Corbett v. Lincoln Savings & Loan Association, 223 Mo. App. 329, 17 S.W.(2d) 275.

■ From the foregoing, it will be observed that it is not only the tendency of the courts to deny the right of a shareholder under the circumstances here present to sue to wind up his corporation, but that, by statute, the Legislature of Missouri has provided a full, complete, and adequate remedy at law, which according to a reasonable interpretation is exclusive. Even if not exclusive, the complainants in this case cannot properly assert that they are without remedy at law, for the reason that the state has provided a full, complete, and adequate remedy.

The complainants are not asserting a controversy between them and the defendants, but their suit is wholly designed to wind up the affairs of their corporation. The state has amply provided for this with inexpensive facilities.

■ The attention of the court has been called by complainants to section 5593, R. S. Mo. 1929. This section was brought into that Revision as section 10201, R. S. Mo. 1919. Identical provisions are embodied in the re-enactments of 1931.

The pertinent portion is as follows:

"There shall be issued to every shareholder a certificate signed by the president and secretary of the corporation, and evidenced by its corporate seal, setting forth distinctly and clearly the class of stock for which he has subscribed, the dividends or earnings which it may draw, and the withdrawal value which it may have at any time, and also the time when the said stock shall be withdrawable. Such certificate shall be deemed in all courts of justice to be a contract between the corporation and the shareholder, and shall determine at all times the liability of the corporation to the holders of its shares." (Mo. St. Ann. § 5593, p. 785).

No point can be made upon this statutory provision. There is no controversy upon the issues here presented but that the contracts or certificates held by the complainants will measure and fix the liability of the association.

The only point here is that the complainants ask this court to wind up the affairs of the corporation and adjudicate the liability of the association upon such certificates. The Legislature of Missouri has provided the means whereby this can be less expensively accomplished.

As such means are full, complete, and adequate, the complainants should be required to resort to them.

■ 3. The complainants allege the invalidity and unconstitutionality of the plan of reorganization provided for by statute and approved by the court in a former proceeding. They have appealed from the decree of the court approving said plan, and such appeal is now pending in the Supreme Court of Missouri.

While it is true that this does not debar their right to challenge the constitutional validity of such plan in another court of competent jurisdiction, yet this fact would argue against the necessity for the appointment of a receiver.

Other allegations of the bill pertain to illegal practices and mismanagement by the officers of the association.

■ The complainants have their remedy through the good offices of the building and loan supervisor. It must be presumed that he will do his full duty and that the identical matters complained about by them will have his attention and that same will be corrected, or that he will utilize the authority of the statute to wind up the affairs of the association. In such event, provision is made for the ascertainment and protection of all the rights of the complainants.

4. It cannot be too often reiterated that the appointment of a receiver, whether ancillary, or otherwise, is a harsh remedy.

In the case of Brictson Mfg. Co. v. Close et al., 280 F. 297, loc. cit. 301, the Court of Appeals for the Eighth Circuit said:

"It is recognized by all the authorities that the appointment of a receiver is a drastic remedy, and is never granted if there be other relief not so severe."

In the above case the court did not consider the very exceptional cases where a receiver is appointed solely for the purpose of winding up the affairs of a corporation. The latter is a still more drastic remedy.

■ 5. Moreover, the appointment of a receiver under any circumstance is within the sound judicial discretion of the court. This means that it is "not an arbitrary or capricious liberty bounded by no rules and limited only by the varying temperaments

of the ephemeral incumbent of the judicial office." Price v. Bankers' Trust Co. of St. Louis (Mo. Sup.) 178 S. W. 745, 750.

In the case last cited, Judge Faris, as a member of the Supreme Court of Missouri, now Judge of the United States District Court, Eastern District of Missouri, delivered the opinion, and, among other things, he said:

"It is also fundamental that this hand of the court will be laid upon property of the owner and that owner evicted from possession thereof only to prevent irreparable injury or to prevent justice from being defeated (State ex rel. v. McQuillin, 260 Mo. 164, 168 S. W. 924), and only when there is no other adequate remedy (Blades v. Billings, etc., Co., 154 Mo. App. 350, 134 S. W. 579; Alderson on Receivers, 487). It is also settled, if not fundamental, that this great power of disturbing the possession of the true owner, or of him who is entitled to the possession, ought to be exercised with extreme caution and ordinarily only in cases of imminent danger of loss, or of damage or of miscarriage of justice."

See, also, Bushman v. Bushman, 311 Mo. 551, loc. cit. 560, and 561, 279 S. W. 122; State ex rel. Hampe v. Ittner, 304 Mo. 135, loc. cit. 151, 263 S. W. 158; State ex rel. v. Calhoun, 207 Mo. App. 149, loc. cit. 156, et seq., 226 S. W. 329.

■ 6. Upon other grounds there is a question as to the right of this court to appoint a receiver.

Heretofore, as it appeared from the arguments of counsel, the building and loan supervisor in a proper proceeding was appointed receiver of the defendant association. He continued in that capacity until reorganization plans contemplated by statute had been worked out and approved by the court.

Although an appeal was taken from the decree of the court approving such plan, a supersedeas bond was not given, and it then became the duty of the court to permit the promulgation of said plan, and its enforcement by practical operation. If the Supreme Court of Missouri should hold the plan inequitable or invalid, as urged by the complainants in this case (and who are appellants in that case), such a decision on the part of the Supreme Court would automatically reinstate the receiver and devolve upon him the duty either to provide a valid plan of reorganization or wind up the affairs of the association.

The discharge of the receiver was directed and authorized upon the grounds that an appropriate and valid plan of reorganization had been adopted. Its rejection by the Supreme Court would leave the suit of the state of Missouri by the Attorney General pending in a state court and undetermined.

That suit under the statute contemplates the appointment of the building and loan supervisor as receiver. Such was its entire object. The trial court would therefore be reinvested with jurisdiction to reappoint the supervisor as receiver under a petition pending at the time this suit was filed.

The conclusion is inescapable, that even if this court could otherwise properly appoint a receiver, the assets of the association are, constructively, if not actually, now in the custody of law.

In view of the foregoing, it must be held that complainants as shareholders or simple contract creditors do not possess the right or have the capacity to ask this court to appoint a receiver.

Moreover, it appears from the bill and the statutes of Missouri that the complainants have a full, complete, and adequate remedy at law. Furthermore, the necessities of the situation do not call for the exercise on the part of this court of so drastic a remedy.

Accordingly, the application for the appointment of a receiver will be denied and dismissed.

It is so ordered.